**Roberto ALVAREZ–ACEVES,
Petitioner—Appellant,**

v.

**Adolfo FASANO, District Director,
Respondent—Appellee.**

No. 03–55203.

D.C. No. CV–02–00433–MJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2005.

Decided Sept. 15, 2005.

Roberto Alvarez–Aceves, Los Angeles, CA, pro se.

Richard A. Derevan, James T. Meyers, Snell & Wilmer LLP, Costa Mesa, CA, for Petitioner–Appellant.

Samuel W. Bettwy, U.S. Attorney, USSD—Office of the U.S. Attorney, San Diego, CA, Richard M. Evans, Marion E. Guyton, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent–Appellee.

Before FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Roberto Alvarez–Aceves, a legal permanent resident, appeals the district court's denial of his petition for habeas corpus. Alvarez, a native and citizen of Mexico, immigrated to the United States when he was three years old, and became a legal permanent resident in 1989. On October 27, 1995, at age nineteen, Alvarez was convicted by a jury of two counts of assault under California law. Based on this conviction, the Immigration and Naturalization Service (INS) issued an order to show cause (OSC) on March 26, 1996 alleging that Alvarez was deportable pursuant to a section of the Immigration and Nationality Act (INA) that renders aliens convicted of certain firearm offenses deportable. *See* 8 U.S.C. § 1251(a)(2)(C) (1997) (now codified at 8 U.S.C. § 1227(a)(2)(C)). Alvarez argues that he was denied due process based on ineffective assistance of counsel during his removal hearing. Alternatively, Alvarez argues that there is insufficient evidence to establish that he was convicted of a qualifying firearm offense. Lastly, Alvarez contends that the Immigration Judge (IJ) erred in finding him ineligible for relief from deportation under the former INA § 212(c), 8 U.S.C. § 1182(c) (1996).

In his hearing before the IJ, Alvarez challenged his deportability. To satisfy its burden of establishing that Alvarez was removable because he was convicted of a firearm offense, the government submitted the abstract of judgment from Alvarez's assault conviction. The IJ asked Alvarez's counsel whether he objected to the admission of this document. In response, Alvarez's counsel conceded that the document related to Alvarez and submitted the issue of proof of conviction to the IJ. The IJ found Alvarez removable and concluded that Alvarez was statutorily ineligible for relief under INA § 212(c) because he was removable as a criminal alien under 8 U.S.C. § 1251(a)(2)(C),[1] and because § 440

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. 8 U.S.C. § 1251(a)(2)(C) (1997) read:

Any alien who at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell,

of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, precluded such relief for criminal aliens. Pub. L. No. 104–132, 110 Stat. 1214.

Alvarez timely appealed to the Board of Immigration Appeals (BIA), which, on January 24, 2002, affirmed the IJ's decision regarding Alvarez's deportability and his ineligibility for relief under § 212(c). Alvarez did not file a petition for review with this circuit. However, on March 6, 2002, proceeding *pro se*, Alvarez filed a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of California. In his habeas petition, Alvarez challenged the BIA's decision that he was ineligible for § 212(c) relief. On January 7, 2003, the district court denied Alvarez's petition finding him ineligible for relief under § 212(c). Alvarez timely appealed the district court's denial. On September 28, 2004, after initial briefing in this appeal, this court appointed *pro bono* counsel to represent Alvarez.

While this appeal was pending, Congress passed the REAL ID Act of 2005, which retroactively eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal. Pub. L. No. 109–13, § 106(a)(1)(B) (amending 8 U.S.C. § 1252), 119 Stat. 231, 310–11 (May 11, 2005). We continue to have jurisdiction to review the questions in Alvarez's habeas petition pursuant to INA § 242(b)(2), 8 U.S.C. § 1252, and § 106(c) of the REAL ID Act of 2005. Section 106(c) directs district courts in which 28 U.S.C. § 2241 habeas petitions were pending on May 11, 2005 to transfer those cases to the appropriate courts of appeals, which will review these petitions as if they had been brought as timely filed direct appeals pursuant to § 242(b)(2). Although this section does not address petitions pending before the courts of appeals, we have held that such petitions should be treated as timely filed petitions for direct review. *Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052–53 (9th Cir.2005). Accordingly, we construe Alvarez's petition as a timely filed petition for direct review. We deny the petition.

## I. Ineffective Assistance of Counsel

■ Alvarez's ineffective assistance of counsel claim fails. We require an alien who argues ineffective assistance of counsel in removal proceedings to exhaust his administrative remedies by first presenting the issue to the BIA in a motion to reopen. *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000). Alvarez did not exhaust his administrative remedies by filing a motion to reopen with the BIA, and therefore we can not consider his claim.

## II. Proof of Conviction

■ Alvarez argues that he was not convicted of a firearm offense, and therefore, that he is not removable because there is no other basis upon which the INS sought to remove him. We need not consider this question because Alvarez waived his claim that there was insufficient evidence of his firearm conviction by failing to raise the issue before the BIA. Because Alvarez failed to exhaust his administrative remedies with respect to this claim, we cannot consider this claim either.

## III. Alvarez's Eligibility for INA § 212(c) Relief

In *INS v. St. Cyr*, 533 U.S. 289, 325–26, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held impermissible the retroactive application of the AEDPA and the

offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) in violation of any law is deportable.

Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, 100 Stat. 3009, to aliens who pled guilty before the effective dates of the Acts and would have been eligible for § 212(c) relief on the date of their plea. Alvarez asks this court to extend *St. Cyr* to aliens, like himself, who pled not guilty and proceeded to trial. This court, however, has already considered and rejected this argument. *Armendariz–Montoya v. Sonchik,* 291 F.3d 1116, 1119 (9th Cir. 2002); *see also Kelava v. Gonzales,* 410 F.3d 625, 629 (9th Cir.2005).

Because *Armendariz–Montoya* makes clear that Alvarez is ineligible for relief if he was convicted of assault with a firearm, the panel need not consider Alvarez's arguments that applying AEDPA's restrictions on § 212(c) relief to him would violate equal protection.

Petition dismissed in part, and denied in part.