**Robert KENNY, Petitioner—Appellant,**

**v.**

**Ronald SMITH, Field Director; et al., Respondents—Appellees.**

No. 04–57049.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 2, 2005.*

Decided Nov. 3, 2005.

Jonathan D. Montag, Esq., Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioner–Appellant.

Samuel W. Bettwy, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Respondents–Appellees.

Before: CANBY, KOZINSKI, and RAWLINSON, Circuit Judges.

MEMORANDUM **

1.  Robert Kenny, a native and citizen of Ireland, appeals the district court's order dismissing his 28 U.S.C. § 2241 habeas corpus petition, which challenged the "propriety" of the order of removal. Pursuant to section 106(c) of the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, 311

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(2005), we treat Kenny's appeal as a petition for review. *See Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1052–53 (9th Cir. 2005).

However, as a condition of his participation in the Visa Waiver Program, Kenny waived his right to challenge his removal, and we hold him to that waiver. *See* 8 U.S.C. § 1187(b)(2); *see also Handa v. Clark,* 401 F.3d 1129, 1135–36 (9th Cir. 2005).

2. Kenny also challenges the Department of Homeland Security's failure to adjudicate his application for adjustment of status prior to his deportation. Although not a direct contest of removal, this is a "cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," review of which is explicitly barred by 8 U.S.C. § 1252(g). We lack jurisdiction over this claim.

3. We retain jurisdiction to review Kenny's due process and equal protection claims. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). However, Kenny's asserted due process and equal protection claims do not allege "a colorable constitutional violation," requiring dismissal. *See id.; see also* 8 U.S.C. § 1252(a)(2)(B)(i).

PETITION DISMISSED in part, DENIED in part.