**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE DE JESUS ALVAREZ-BARAJAS,
         *Petitioner-Appellant,*

v.

ALBERTO R. GONZALES, Attorney
General; ANTHONY ESPOSITO,
Interim BICE Western Region
Director; WAYNE K. WILLS,
District Director for Interior
Enforcement,
         *Respondents-Appellees.*

No. 04-55733

D.C. No.
CV-03-00840-
WQH/JFS

OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted
July 12, 2005—Pasadena, California

Filed August 11, 2005

Before: Jerome Farris, Dorothy W. Nelson, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge D.W. Nelson;
Concurrence by Judge Farris

## COUNSEL

Kaye A. Y. Evans, Beverly Hills, California, for the petitioner.

Samuel W. Bettwy (argued); Carol C. Lam and Tom Stahl (on the brief), United States Department of Homeland Security, Bureau of Customs and Immigration, San Diego, California, for the respondent.

## OPINION

D.W. NELSON, Circuit Judge:

Jose de Jesus Alvarez-Barajas, a native and citizen of Mexico, appeals the district court's denial of his petition for habeas corpus. In his petition, Alvarez-Barajas argues that the Board of Immigration Appeals (BIA) erred in affirming an Immigration Judge's decision that he is ineligible for relief

under either the former Immigration and Nationality Act (INA) § 212(c), 8 U.S.C. § 1182(c) (1996); or a waiver under INA § 212(h), 8 U.S.C. § 1182(h). We agree that Alvarez-Barajas is ineligible for these forms of relief, and therefore deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Alvarez-Barajas first entered the United States in approximately 1986 and became a legal permanent resident in 1990. On May 27, 1996, Alvarez-Barajas pled guilty to receipt of stolen property in violation of California Penal Code § 496 and was sentenced to two years in prison. Based on this conviction, on April 1, 1997, the Immigration and Naturalization Service (INS)[1] issued a notice to appear (NTA) alleging that Alvarez-Barajas was removable pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because he had been convicted of an aggravated felony.

At the time Alvarez-Barajas pled guilty to receipt of stolen property this conviction was not considered an aggravated felony. At that time, a conviction for receipt of stolen property could be considered an aggravated felony only if the prison term imposed was at least five years. 8 U.S.C. § 1101(a)(43)(G) (1996). However, at the time he pled guilty, it was clear that if Alvarez-Barajas had been convicted of an aggravated felony, he would have been ineligible for § 212(c) relief because the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which made aliens convicted of aggravated felonies ineligible for § 212(c) relief, had already become effective. AEDPA § 440(d), Pub. L. No. 104-132, 110 Stat. 1214 (effective date April 24, 1996).

---

[1]On March 1, 2003, the INS was dissolved as an independent agency within the United States Department of Justice and its functions were transferred to the Department of Homeland Security. Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2192, 2205.

Following Alvarez-Barajas' conviction, Congress further restricted eligibility for relief from removal for aliens convicted of certain crimes. On April 1, 1997, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) became effective and eliminated § 212(c) relief entirely and created in its place a new form of relief called "cancellation of removal." Pub. L. No. 104-208, 110 Stat. 3009; *see also* 8 U.S.C. § 1229b (codifying cancellation of removal). The IIRIRA also expanded the definition of aggravated felonies to include receipt of stolen property if the term of imprisonment was at least one year, and made this change retroactive. IIRIRA §§ 321(a) (expanding the definition of aggravated felony) & 321(b) (making this expansion retroactive); *see also* 8 U.S.C. § 1101(a)(43)(G) (encompassing receipt of stolen property in the aggravated felony definition).

In his hearing before the Immigration Judge (IJ) on May 26, 1998, Alvarez-Barajas conceded deportability, but applied for cancellation of removal under INA § 240A. The same day, the IJ issued an oral decision finding Alvarez-Barajas ineligible for either § 240A relief or any other form of relief, including a waiver under § 212(h), due to his conviction for receiving stolen property, which was by then considered an aggravated felony. The IJ ordered Alvarez-Barajas removed to Mexico. Alvarez-Barajas timely appealed to the BIA, arguing that the IJ erred in finding him ineligible for cancellation of removal or § 212(c) relief, but failing to raise the issue of his eligibility for a § 212(h) waiver.

On March 28, 2003, the BIA affirmed the IJ's decision regarding Alvarez-Barajas' removal and his ineligibility for § 212(c) relief or cancellation of removal. Alvarez-Barajas did not file a petition for review with this circuit, but he filed a motion to reconsider with the BIA regarding his eligibility for a § 212(h) waiver. The BIA eventually denied this motion. Subsequently, Alvarez-Barajas filed a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of California challenging the BIA's find-

ings that he was ineligible for § 212(c) or § 212(h) relief. On October 1, 2003, the district court denied Alvarez-Barajas' petition in part finding that he was ineligible for § 212(c) relief and rejecting his equal protection challenge to his ineligibility for a § 212(h) waiver. On February 18, 2004, the district court dismissed the balance of Alvarez-Barajas' petition by concluding that IIRIRA's amendments to § 212(h) were intended to apply retroactively and, therefore, that Alvarez-Barajas was ineligible for such a waiver. Alvarez-Barajas timely appealed.

## DISCUSSION

### I.   Jurisdiction and Standard of Review

[1] On May 11, 2005, Congress enacted the REAL ID Act of 2005, which expanded the jurisdiction of the circuit courts over final orders of removal. Most relevant here, the Act makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a). To accomplish this streamlined judicial review, the Act eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal. *Id.* at § 106(a)(1)(B) (amending 8 U.S.C. § 1252). In writing the REAL ID Act, Congress expressly made these judicial review provisions retroactive. *Id.* at § 106(b) ("The amendments made by subsection (a) [relating to judicial review] shall take effect [on May 11, 2005] and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued *before, on, or after* the date of the enactment of this division.") (emphasis added); *see also Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005) (holding that the REAL ID Act's judicial review provisions apply retroactively).

**[2]** The REAL ID Act requires district courts to transfer all habeas petitions brought by aliens that were pending before the district court on the effective date of the REAL ID Act (May 11, 2005) to the appropriate circuit court, which must treat the transferred petitions as timely filed petitions for review. *Id.* at § 106(c).[2] In what appears to be an oversight, Congress did not specify how similar habeas petitions pending before circuit courts should be treated. The language and structure of the Act, however, evidences Congress' clear intention to make circuit courts the "sole and exclusive means of judicial review" for challenges to removal. *Id.* at § 106(a). Reading the Act to allow our review of habeas petitions pending before this court advances this Congressional intention. Accordingly, we hold that Alvarez-Barajas' habeas petition should be construed as if it were a timely filed petition for review with this court. *See also Bonhometre v. Gonzales*, No. 04-2037, 2005 WL 1653641 at *2 (3d Cir. July 15, 2005) (holding that all habeas corpus petitions challenging final orders of deportation, exclusion, or removal pending before the Third Circuit will be construed as timely filed petitions for review). Any other interpretation of the REAL ID Act would create an absurd result where the circuit courts would lack jurisdiction to review habeas petitions by aliens that were pending before the circuits when the REAL ID Act passed,

---

[2]Section 106(c) of the REAL ID Act states:

> If an alien's case, brought under [28 U.S.C. § 2241], and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment [of this Act], then the district court shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed under [INA section § 242(b)(2), 8 U.S.C. 1252], as amended by this section, . . . . The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, *except that [the 30-day filing deadline] shall not apply.*

(emphasis added).

but would allow such review if the petition was still pending before a district court.[3]

The fact that we construe Alvarez-Barajas' habeas petition as a petition for review does not affect our standard for review. On petition for review, we review the BIA's decisions regarding purely legal questions de novo, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004), the same standard we apply when reviewing a district court's decision to deny a habeas petition, *Singh v. Ashcroft*, 351 F.3d 435, 438 (9th Cir. 2003). The conversion, however, changes the decision we review, and we now review the BIA's decision, not the district court's orders.

## II. *Alvarez-Barajas' Eligibility for INA § 212(c) Relief*

Having determined that we have jurisdiction to review Alvarez-Barajas' petition, we turn to the merits of his petition. In light of the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289 (2001), Alvarez-Barajas challenges the BIA's conclusion that he is ineligible for relief under the former INA § 212(c).[4] But Alvarez-Barajas' case is factually distinct from

---

[3]Although we hold that converting pending habeas petitions into timely filed petitions for review is the most appropriate way to effectuate the intent of Congress in passing the REAL ID Act in the usual case like the present appeal, we make no comment on what should be done in the more unusual case where the pending habeas petition requires further factual development. In such a case, construing a pending habeas petition as a petition for review might bar this court from remanding the petition for further fact-finding. *See* INA § 242(a)(1), 8 U.S.C. § 1252(a)(1) (precluding circuit courts from remanding petitions for review for further evidentiary fact-finding); *but see* INA § 242(b)(5)(B), 8 U.S.C. § 1252(b)(5)(B) (setting out an exception for claims of nationality).

[4]Prior to its repeal, § 212(c) provided that:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily . . . and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General[.] . . [A]n

St. Cyr's in two ways. First, unlike St. Cyr, under the state of the law at the time Alvarez-Barajas pled guilty, the offense to which he pled was not an aggravated felony, and therefore, was not a deportable offense. Second, by the time Alvarez-Barajas pled guilty to this crime, the law had already changed to make all aliens convicted of aggravated felonies ineligible for relief. Because we find that these factual distinctions are significant, we affirm the BIA's conclusion that Alvarez-Barajas is ineligible for § 212(c) relief.

[3] First, we reject Alvarez-Barajas' argument that § 321 of the IIRIRA, which expanded the aggravated felony definition, cannot be applied retroactively to him because the Supreme Court has indicated otherwise in *St. Cyr.* 533 U.S. at 318-19. In holding that Congress did not clearly intend for a different section of the IIRIRA to apply retroactively, the Court contrasted this section with § 321(b), which the Court found unambiguously applied retroactively. *Id.* ("IIRIRA's amendment of the definition of 'aggravated felony,' for example, clearly states that it applies with respect to 'conviction[s] . . . entered before, on, or after' the statute's enactment date."); *see also Aragon-Ayon v. INS*, 206 F.3d 847, 851 (9th Cir. 2000) (holding that Congress "clearly manifested an intent for the amended definition of aggravated felony to apply retroactively"). Because, with respect to this section of the IIRIRA, Congress has satisfied the "demanding" standard for making a law unambiguously retroactive, there can be no doubt that the expanded aggravated felony definition can be applied retroactively to Alvarez-Barajas. *St. Cyr*, 533 U.S. at 316.

[4] Second, this court's decision in *United States v. Velasco-Medina*, 305 F.3d 839, 849-50 (9th Cir. 2002), fore-

---

alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years [is not eligible for this relief].

8 U.S.C. § 1182(c) (1995).

closes Alvarez-Barajas' argument that AEDPA's elimination of § 212(c) relief for all aggravated felons cannot be applied to him, because he pled guilty *after* the effective date of AEDPA. *Cf. United States v. Leon-Paz*, 340 F.3d 1003, 1006-07 (9th Cir. 2003) (distinguishing the case of an alien who pled guilty to a non-deportable offense *before* the effective date of AEDPA, and therefore, before the elimination of § 212(c) relief for all aliens convicted of aggravated felonies). For these reasons, we affirm the BIA's decision that Alvarez-Barajas is ineligible for § 212(c) relief.

## III.   *Alvarez-Barajas' Eligibility for a Wavier under § 212(h)*

[5] Alvarez-Barajas' argument that he is eligible for a waiver under § 212(h) also fails.[5] In § 348(b) of the IIRIRA, Congress not only made aliens convicted of aggravated felonies ineligible for these waivers, but expressly made this change retroactive.[6] IIRIRA § 348 (stating that the changes were effective "on the date of enactment [April 1, 1997] and shall apply in the case of any alien who is in exclusion or

---

[5]We note that Alvarez-Barajas did not raise the § 212(h) claim in his appeal to the BIA, but raised it to the BIA later in a motion to reopen. We do not decide whether such procedure was sufficient to constitute exhaustion of his administrative remedies. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]"). Instead, we conclude that this constitutional challenge to the statute falls within the narrow range of exceptions to the exhaustion requirement. *See Sun v. Ashcroft*, 370 F.3d 932, 944 n.18 (9th Cir. 2004).

[6]Before IIRIRA, the waiver was available to any alien satisfying the threshold requirements so long as the alien had not "been convicted of (or . . . ha[d] [not] admitted committing acts that constitute) murder or criminal acts involving torture, or an attempt or conspiracy to commit murder or a criminal act involving torture." 8 U.S.C. § 1182(h) (1996). After the effective date of IIRIRA, "[n]o waiver [could] be granted . . . [to any] alien who ha[d] previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of admission the alien has been convicted of an aggravated felony." 8 U.S.C. § 1182(h) (1997).

deportation proceedings as of such date unless a final administrative order in such proceedings has been entered as of such date"). Importantly, the Supreme Court has held out this section of the IIRIRA as an example of where Congress made the "IIRIRA expressly applicable to prior convictions." *St. Cyr*, 533 U.S. at 320 & n.43; *see also Valderrama-Fonseca v. INS*, 116 F.3d 853, 856 & n.6 (9th Cir. 1997) (noting in relation to IIRIRA § 348 that "it is apparent that Congress knew how to make provisions of IIRIRA applicable to pending proceedings when it wanted to"). Therefore, we conclude that § 348 of IIRIRA can be applied retroactively to Alvarez-Barajas, rendering him ineligible for a § 212(h) waiver.

## CONCLUSION

[6] Accordingly, we hold that Alvarez-Barajas' petition for habeas corpus must be construed as a timely filed petition for review, but deny the petition on the merits.

**PETITION DENIED.**

---

FARRIS, Circuit Judge, concurring:

I concur in the result.