**Ana Pascual MANUEL, Petitioner—Appellant,**

v.

**Alberto GONZALES; et al., Respondents—Appellees.**

No. 04–15516.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Oct. 31, 2005.

---

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner–Appellant.

Cynthia M. Parsons, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Respondents–Appellees.

Before: TROTT and RYMER, Circuit Judges, and PLAGER,* Senior Circuit Judge.

MEMORANDUM **

Ana Pascual Manuel appeals from the district court's denial of her 28 U.S.C. § 2241 habeas petition, challenging an order for her removal and asserting claims for withholding of removal, protection under the Convention Against Torture (CAT), and violation of her constitutional right to familial association. Construing the appeal with respect to the removal and CAT claims as a petition for review of the decisions of the Board of Immigration Appeals (BIA) and the Immigration Judge (IJ), *see Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1052–53 (9th Cir.2005); 8 U.S.C. §§ 1252(a)(4)-(5), (b)(9), we deny the petition. We dismiss her appeal from denial of habeas relief as moot.

I

■ The IJ was not compelled to find that Manuel was persecuted on account of a protected ground. *See* 8 C.F.R. § 1208.16(b). There was virtually no evidence that her unfortunate treatment at the hands of guerillas and the military in the early 1980s was on account of her aunt's political opinion imputed to her or her membership in a particular social group of Kanjobal-speaking Mayans in the Huehuetenango Department of Guatemala. *Cf. Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1074–77 (9th Cir.2004) (mistreatment on account of belief, albeit mistaken, that

---

* The Honorable S. Jay Plager, Senior Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

petitioner's village sympathized with the guerillas). Nor was the IJ compelled to find a clear probability of future persecution on account of a protected ground based on testimony that the father of Manuel's oldest child is still active in the area, and that a couple who returned from the United States to her village was threatened because they had money.

## II

For similar reasons, the IJ was not compelled to find that CAT relief was warranted. Generalized fear or vague stories of the sort presented do not indicate that it is more likely than not that Manuel will be tortured by the government or those acting at the government's behest or with its acquiescence if returned to Guatemala. *See* 8 C.F.R. § 1208.18(a)(1).

## III

To the extent that Manuel's habeas petition seeks release from detention in order to attend a December 2003 juvenile dependency proceeding in California, her appeal is moot because the hearing has concluded and her rights have been terminated. To the extent that the petition seeks prospective release if other juvenile dependency proceedings take place, it is not ripe.

PETITION DENIED.