**Aleksan MKRTCHYAN, Petitioner— Appellant,**

v.

**Terry E. WAY, USCIS Nebraska District Director; Robert J. Okin, Seattle US-CIS District Director; Tom Ridge, Secretary of the U.S. Department of Homeland Security; Alberto R. Gonzales, Attorney General, Respondents—Appellees.**

No. 04–35646.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided Nov. 8, 2005.

---

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Elena E. Tsiprin, Esq., Law Offices of Elena E. Tsiprin, Bellevue, WA, for Petitioner—Appellant.

Brian C. Kipnis, Esq., Kristin Johnson, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Respondents—Appellees.

Before: PREGERSON, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM *

Petitioner Aleksan Mkrtchyan, a native and citizen of Armenia, appeals the district court's denial of his petition for habeas corpus. In his petition, Mkrtchyan argues that the Board of Immigration Appeals ("BIA") erred in affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a).

On May 11, 2005, while this case was pending, Congress enacted the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, 310–11 (amending 8 U.S.C. § 1252). The Act amends the Immigration and Nationality Act, Pub.L. No. 82–414, 66 Stat. 163 (June 27, 1952), by eliminating federal habeas jurisdiction in favor of petitions for review that raise "constitutional claims or questions of law." REAL ID Act § 106(a)(1). Consequently, we construe Mkrtchyan's habeas petition as if it were a petition of review. *See Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1053 (9th Cir.2005). We review *de novo* questions of subject matter jurisdiction. *See Taniguchi v. Schultz,* 303 F.3d 950, 955 (9th Cir.2002).

If a petitioner wishes to appeal a removal order, the proper procedure is to file a petition for review with this court. *See* 8 U.S.C. § 1252(b)(2). That petition must be filed within thirty days after the date of the final order of removal. *See* 8 U.S.C. § 1252(b)(1). After that period, § 1252(d)(1) provides that "[a] court may review a final order of removal only if—(1) the alien has exhausted all administrative remedies available to the alien as of right...." 8 U.S.C. § 1252(d)(1).

Mkrtchyan maintains that he is excused from strict compliance with § 1252(d)'s exhaustion requirement because he suffered ineffective assistance of counsel. Mkrtchyan contends that he was unaware of the BIA's decision because his former

---

counsel failed to tell him that the BIA had dismissed his appeal. However, the record suggests otherwise. Mkrtchyan signed a certified mail receipt attached to the Warrant of Removal and Bag & Baggage letter informing him that the BIA had dismissed his appeal. The certified mail receipt is in the record, and Mkrtchyan later admitted the letter's existence to immigration officers.

Mkrtchyan offers no persuasive explanation for his failure to file a timely petition for review. Nor has he alleged that his motion would be time barred, an issue over which this court has jurisdiction. *See Taniguchi*, 303 F.3d at 955 (recognizing that this court retains "jurisdiction over petitions for review to determine whether jurisdiction exists." (internal quotation marks omitted)).

Accordingly, because Mkrtchyan failed to exhaust his administrative remedies and has offered no reasonable explanation for this failure, we find that we lack jurisdiction to review the merits of his claims.

PETITION DISMISSED.