Maria Elba ROSAS–ROBLES,
Plaintiff—Appellant,

v.

Alberto R. GONZALES, Attorney
General; et al., Defendants—
Appellees.

No. 04–17070.
D.C. No. CV–03–05143–SI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2005.

Decided Jan. 6, 2006.

Marc Van Der Hout, Esq., Van Der Hout, et al, LLP, San Francisco, CA, for Plaintiff—Appellant.

Owen P. Martikan, Esq., Edward A. Olsen, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, for Defendants—Appellees.

Before B. FLETCHER, HAWKINS, and BEA, Circuit Judges.

MEMORANDUM *

Petitioner Maria Elba Rosas–Robles appeals the district court's order denying her petition for writ of habeas corpus under 28 U.S.C. § 2241. Rosas–Robles contends that she should be eligible for a deporta-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion waiver under the former version of § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).

Because Rosas–Robles's habeas petition was pending before this court when the REAL ID Act of 2005 eliminated our habeas jurisdiction, 8 U.S.C. § 1252(a)(5), we treat her petition as a timely filed petition for review. *Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1052–53 (9th Cir.2005). We affirm.

Because the parties are familiar with the facts, we recount them here only as necessary to explain our disposition.

Rosas–Robles was a lawful permanent resident of the United States when she pleaded guilty on December 1, 1999, to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. The indictment detailed overt acts of the co-conspirators that took place between January 25, 1996, and May 18, 1996. The last time Rosas–Robles's acts were mentioned in the indictment was in connection with events that took place on April 17, 1996. Section 440(d) of the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214, took effect on April 24, 1996, and eliminated the Attorney General's discretion to grant deportation § 212(c) waivers to permanent residents convicted of aggravated offenses, such as Rosas–Robles.

An immigration judge pretermitted Rosas–Robles's application for § 212(c) relief and ordered her deported to Mexico. The Board of Immigration Affairs (BIA) summarily affirmed.

Citing *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), Rosas–Robles argues that § 440(d) of AEDPA cannot retroactively bar her eligibility for § 212(c) relief because she committed the underlying acts that led to her conviction before AEDPA's effective date. However, Rosas–Robles pleaded guilty to an indictment for conspiracy—a continuing offense—that lasted several weeks after AEDPA took effect. Her guilty plea to the indictment admitted all facts and charges thereof. *United States v. Kubick,* 205 F.3d 1117, 1129–30 (9th Cir.1999). As applied here, *Kubick* means that in pleading guilty to the indictment, Rosas–Robles admitted she was part of a conspiracy which committed illegal acts through May 18, 1996. The relevant date when applying retroactivity analysis to a conspiracy charge is the date the conspiracy ended. *Cf. id.* at 1128–29. Therefore, we need not address Rosas–Robles's retroactivity argument because she admitted to committing an offense that continued after AEDPA took effect.

The fact that Rosas–Robles may not personally have committed any of the conspiracy's overt acts after AEDPA's effective date has no legal significance.[2] Defendants convicted for conspiracy are "in for a penny, in for a pound," meaning that they are culpable for all the acts of co-conspirators. *See Pinkerton v. United States,* 328 U.S. 640, 646–47, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Hence, Rosas–Robles is culpable for her co-conspirators' acts that occurred after the effective date of AEDPA.

The BIA's decision is AFFIRMED.

---

**2.** That neither party discussed until oral argument the ground we use to affirm the BIA also has no effect on our disposition because

"[w]e may affirm on any ground fairly supported by the record." *Lee v. United States,* 809 F.2d 1406, 1408 (9th Cir.1987).