**Fuad SAGO, Petitioner—Appellant,**

v.

**Alberto R. GONZALES, Attorney General; Michael Chertoff, Secretary of the Department of Homeland Security; San Diego Field Office Director for Detention and Removal, Immigration and Customs Enforcement Department of Homeland Security, Respondents—Appellees.**

No. 05–55562.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2006.\*

Decided Feb. 16, 2006.

Andrea Guerrero, Gueerrero Jacobs & Schlesinger LLP, San Diego, CA, for Petitioner—Appellant.

Samuel W. Bettwy, Esq., U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Respondents—Appellees.

Before: THOMPSON, TROTT, and BEA, Circuit Judges.

## MEMORANDUM \*\*

Petitioner, Fuad Sago, appeals the order denying his petition for a writ of habeas corpus. As Sago's appeal was pending at the time the Real ID Act became effective, we treat Sago's habeas petition as a petition for review. *See Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1053 (9th Cir. 2005). We dismiss in part, and deny in part, Sago's petition for review.

We dismiss for lack of jurisdiction Sago's adjustment of status claim and related claim that he was entitled to pursue his adjustment before the Immigration Court prior to removal. Sago's claims arose from a decision by the Department of Homeland Security to place Sago in expedited removal, denying him the opportunity adjust his status. Because "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), we are without jurisdiction to consider these claims.

We also deny Sago's remaining claim that his due process rights were violated. Sago does not have a right to remain in the United States while pursuing his visa. *See Tongatapu Woodcraft Haw. Ltd. v. Feldman,* 736 F.2d 1305, 1308 (9th Cir. 1984). Nor does Sago have a right to a hearing in front of an Immigration Judge because he waived all his rights to contest removal in front of an Immigration Judge by participating in the Visa Waiver Program. *See* 8 U.S.C. § 1187(b)(2); 8 C.F.R. § 1245.2(a).

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.