**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Heriberto RIVERA–SANCHEZ, Defendant—Appellant.**

**No. 05–50232.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2006.

Filed March 2, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

740

US Attorneys Office, San Diego, CA, for Plaintiff–Appellee.

Lisa Kay Baughman, Esq., Law Office of Lisa Kay Baughman, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, W. FLETCHER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Heriberto Rivera–Sanchez was charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. He filed a motion to dismiss the indictment, alleging that his prior deportation was invalid. In order to collaterally attack the removal order that underlies his § 1326 charge, Rivera–Sanchez must show,

inter alia, that the order was "fundamentally unfair." 8 U.S.C. § 1326(d)(3). A removal order is "fundamentally unfair" if (1) the defendant's due process rights were violated by defects in the underlying removal proceeding, and (2) the defendant suffered prejudice as a result of those defects. *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1048 (9th Cir.2004). To establish prejudice, a defendant "must only show that he had a 'plausible' ground for relief from deportation." *Id.* at 1050.

Rivera–Sanchez argues that the failure of the immigration judge ("IJ") to inform him that he was eligible for discretionary relief under § 212(c) of the Immigration and Nationality Act ("INA"), Pub.L. No. 82–414, 66 Stat. 163, 187 (June 27, 1952), violated his due process rights and caused him prejudice because he had a plausible basis to expect the Attorney General to grant such relief. The government asserts that § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1277 (April 24, 1996), and § 321 of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546, 3009–627 to –628 (Sept. 30, 1996), rendered him ineligible for § 212(c) relief. Rivera–Sanchez counters that his eligibility for § 212(c) relief was preserved by (1) *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), (2) the Due Process Clause, and/or (3) the Equal Protection Clause.

This Circuit has addressed three cases similar to the one at bar in which a legal permanent resident ("LPR") pled guilty to an offense between the passage of AEDPA and IIRIRA, and IIRIRA subsequently rendered the individual ineligible for INA § 212(c) relief by reducing the minimum

---

prison sentence for aggravated felonies from five years to one year. *See Cordes v. Gonzales,* 421 F.3d 889 (9th Cir.2005); *Alvarez–Barajas v. Gonzales,* 418 F.3d 1050 (9th Cir.2005); *United States v. Velasco–Medina,* 305 F.3d 839 (9th Cir.2002). Under these circumstances, neither *St. Cyr* nor the Due Process Clause preserves the LPR's eligibility for INA § 212(c) relief. *See Cordes,* 421 F.3d at 894–96 (discussing both *St. Cyr* and due process); *Alvarez–Barajas,* 418 F.3d at 1053–54 (discussing *St. Cyr* ); *Velasco–Medina,* 305 F.3d at 849–50 (discussing *St. Cyr* ).

In *Cordes,* a panel majority of this Court held for the first time that the Equal Protection Clause provides a basis for § 212(c) relief for an LPR in this situation. *See Cordes,* 421 F.3d at 896–99. However, *Cordes* addressed a direct challenge to removal proceedings brought against an LPR rather than a collateral challenge to a § 1326 charge. *See id.* at 893–94. The question before us is not whether Rivera–Sanchez would have had a valid equal protection argument under *Cordes* if his removal were challenged directly (a question on which we intimate no view). Rather, the question is whether it was fundamentally unfair for the IJ not to anticipate our decision in *Cordes,* then nine years in the future, and not to advise Rivera–Sanchez of this possible equal protection challenge to the elimination of his eligibility for § 212(c) relief.

We have no basis to conclude that the IJ, no matter how "intimately familiar with the immigration laws" at the time of Rivera–Sanchez's removal proceedings, should have found that the record "raise[d] a reasonable possibility that the petitioner may [have been] eligible for relief." *United States v. Muro–Inclan,* 249 F.3d 1180, 1183 (9th Cir.2001) (citation omitted). The district court therefore properly denied Rivera–Sanchez's motion to dismiss the § 1326 indictment.

**AFFIRMED.**