United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-60064

JOSE DE LA LUZ SALAS-VELOZ;
JOSE RESENDIZ,

Petitioners,

versus

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

Respondent.

On Petition for Review of an Order of
the Board of Immigration Appeals

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioners Jose De La Luz Salas-Veloz and Jose Resendiz petition this court for review of

orders of the Board of Immigration Appeals ("BIA"). They challenge the BIA's affirmance of the

Immigration Judges' ("IJ") findings that they are removable as aliens who entered the United States

without being admitted or paroled. Both petitioners were previously deported based on their

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

convictions for driving while intoxicated ("DWI"). They argue that their original deportations were invalid.

Salas-Veloz entered the United States in 1990 as a lawful permanent resident. In 1999, he was convicted of felony DWI in Texas. He was subsequently charged with being removable as an alien convicted of an aggravated felony, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). On June 24, 1999, an IJ found Salas-Veloz subject to removal as charged. He did not appeal to the BIA, nor did he petition this court for review. Salas-Veloz was deported on September 15, 2000.

Salas-Veloz subsequently reentered the United States. Removal proceedings commenced against him in January 2002, charging him with inadmissibility as an alien present in the United States without being admitted or paroled, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), and as an immigrant not in possession of valid documents, pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). An IJ ordered Salas-Veloz removable as charged, and the BIA affirmed on February 25, 2004.

Resendiz entered the United States as a lawful permanent resident in 1969. He too was convicted of felony DWI in 1991 and 1997. In 1998, Resendiz was charged with being removable as an alien convicted of an aggravated felony, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), and as an alien convicted of a firearms offense, pursuant to 8 U.S.C. § 1227(a)(2)(C). An IJ found Resendiz subject to removal as charged on June 25, 1998. He appealed to the BIA and the BIA affirmed; however, he did not petition this court for review. Resendiz was removed on March 28, 2000.

2

In May 2000, Resendiz also reentered the United States.[1] In March 2003, removal proceedings once again commenced against Resendiz; he was charged with inadmissibility as an alien present in the United States without being admitted or paroled pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). An IJ found Resendiz removable as charged, and the BIA affirmed on February 25, 2004.

Petitioners filed habeas petitions in the district court on March 12, 2004. The district court concluded that it lacked jurisdiction and transferred the habeas petitions to this court for consideration as timely filed petitions for review. The REAL ID Act requires district courts to transfer any pending habeas cases to the appropriate court of appeals; however, it does not address how courts of appeals should address habeas petitions that were on appeal when the Act became effective. Pub. L. No. 109-13, 119 Stat. 231, 311, § 106(c). Nevertheless, we have previously held that these petitions are properly converted into petitions for review. *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005) (citing *Bonhometre v. Gonzales*, 414 F.3d 442 (3d Cir. 2005); *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050 (9th Cir. 2005)).

---

[1] In June 2001, Resendiz was convicted of felony re-entry in violation of 8 U.S.C. § 1326; however, Resendiz subsequently petitioned for and was granted a writ of error *coram nobis* vacating that conviction. The district court concluded that the underlying removal order based on the DWI conviction was premised on an erroneous legal interpretation that rendered the proceedings fundamentally unfair. This does not affect our analysis in the instant case because the factors we consider in deciding whether to permit collateral attack on a removal order in criminal proceedings do not apply in removal proceedings. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 839 n. 17 (1987) ("We note parenthetically that permitting collateral challenge to the validity of deportation orders in proceedings under § 1326 does not create an opportunity for aliens to delay deportation, since the collateral challenge we recognize today is available only in criminal proceedings instituted after reentry."); *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 514 n.9 (5th Cir. 2006). Moreover, Resendiz's current removal order is not based on his DWI conviction, but on his having entered the United States without having been admitted or paroled.

A petition for review must be filed no later than thirty days after entry of a final order of removal. 8 U.S.C. § 1252(b). Because petitioners filed their habeas petitions on March 12, 2004, these petitions for review are timely as to the BIA's February 2004 decisions, but not as to the prior removal orders. Nevertheless, based on our holding in *United States v. Chapa-Garza*, 243 F.3d 921, 927 (5th Cir. 2001), that DWI is not a crime of violence, they argue that their prior removal orders were void *ab initio* because DWI does not qualify as an aggravated felony for immigration purposes, and therefore, the current removal orders are invalid.

Recently, in *Ramirez-Molina v. Ziglar*, 436 F.3d 508 (5th Cir. 2006), we considered whether an alien removed on the basis of a DWI conviction could challenge the reinstatement of his removal order based on the holding in *Chapa-Garza*. The petitioner in *Ramirez-Molina* failed to petition this court for review of his original removal order. Consequently, he could not establish a gross miscarriage of justice in the earlier proceedings, and thus, we lacked jurisdiction to consider a collateral challenge to the validity of the earlier order. *Id.* at 515. We reasoned that notwithstanding the bar created by 8 U.S.C. § 1252(a)(2)(C), we always retain jurisdiction to examine our jurisdiction, and therefore could have considered whether a DWI conviction constituted an aggravated felony. *Id.* Accordingly, we explained that if the petitioner had "appealed to this court, he could have attained the result that was ultimately achieved by the petitioner in *Chapa-Garza*." *Id.*

We reach the same conclusion in the instant case. Because Salas-Veloz and Resendiz did not petition this court for review of their prior removals based on their DWI convictions, they cannot establish a gross miscarriage of justice. Consequently, we lack jurisdiction to review the prior removal orders and the petitions for review are DISMISSED as they relate to those orders. Petitioners' current removal orders are not based on their DWI convictions, but on their having entered the

4

United States without having been admitted or paroled, and they have not presented any other argument challenging those orders. Therefore, the petitions for review are DENIED as they relate to the BIA's February 25, 2004 decisions.