**Steve Richard NEDD, Petitioner–Appellant,**

v.

**Michael CHERTOFF; et al.,\* Respondents–Appellees.**

**No. 03–56362.**

United States Court of Appeals, Ninth Circuit.

---

\* Michael Chertoff, Secretary of the Department of Homeland Security, is substituted for Tom Ridge. *See* Fed. R. App. P. 43(c)(2).

Submitted June 12, 2006.**

Filed June 16, 2006.

Steve Richard Nedd, Gardena, CA, pro se.

Cindy M. Cipriani, U.S. Attorney, USSD—Office of the U.S. Attorney, San Diego, CA, for Respondents–Appellees.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM ***

Steve Richard Nedd, a native and citizen of Trinidad and Tobago, appeals *pro se* from the district court's judgment denying his 28 U.S.C. § 2241 habeas petition, challenging the Board of Immigration Appeals' ("BIA") order finding him removable and denying him relief from deportation under Section 212(c) of the Immigration and Naturalization Act ("INA") due to his guilty-plea conviction of possessing cocaine for sale in violation of California Health and Safety Code § 11351.

In accordance with *Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1053 (9th Cir. 2005), we construe Nedd's habeas petition as if it were a timely-filed petition for review with this court. We deny the petition.

Nedd contends that the Immigration Judge violated his due process rights by retroactively applying the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") to deny him relief under INA § 212(c).

■ It is undisputed that Nedd entered his guilty plea to the predicate offense

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

after the effective date of AEDPA, at a time when he was not eligible for § 212(c) relief. Thus, the denial of such relief was not impermissibly retroactive. *Cf. INS v. St. Cyr,* 533 U.S. 289, 325–26, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (holding that IIRIRA and AEDPA are not applicable to criminal alien who entered a guilty plea at a time when alien was eligible for § 212(c) relief).

 Nedd further contends that the application of § 440(d) of AEDPA to him violated his equal protection rights pursuant to *Servin–Espinoza v. Ashcroft,* 309 F.3d 1193 (9th Cir.2002). However, that decision only applies to aliens who were ordered deported between May 14, 1997, and June 7, 1999. Here, Nedd was deemed removable by the IJ on August 19, 2002, and this decision was affirmed by the BIA on December 31, 2002. Therefore, *Servin–Espinoza* is not controlling.

**PETITION DENIED.**