Elvys Paduraru RUSU; et al.,
Petitioners—Appellants,

v.

Thomas RIDGE, Secretary, Secretary for the Department of Homeland Security; et al., Respondents—Appellees.

No. 05-35332.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 26, 2006.

Decided Aug. 17, 2006.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, Petitioners–Appellants.

Kenneth C. Bauman, Esq., Office of the U.S. Attorney, Portland, OR, Edward A. Olsen, Esq., for Respondents–Appellees.

Before: GOODWIN, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM *

Elvys Rusu and his minor daughter, Rahela, who are natives and citizens of Romania, appeal the district court's denial of their habeas petition challenging the Board of Immigration Appeals' ("BIA") denial of their petition for asylum. Although the BIA found that Mr. Rusu was more likely than not to be persecuted on account of his religion if returned to Romania and, accordingly, granted him withholding of removal, the BIA denied the petition for asylum because it was untimely and no "exceptional circumstances" justified the late filing. The Rusus argue that the BIA erred as a matter of law by requiring them to show exceptional, rather than extraordinary, circumstances that would permit the late filing of their asylum application.

While this case was pending on appeal, Congress passed the REAL ID Act of 2005. Section 106(c) of the REAL ID Act

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

provides that habeas petitions brought under 28 U.S.C. § 2241 "and challenging a final administrative order of removal, deportation, or exclusion, [that were] pending in a district court on the date of the enactment" should be transferred to the appropriate court of appeals and treated as a petition for review. REAL ID Act, Pub.L. No. 109–13, 119 Stat. 231, § 106(c).

The Rusus argue that, under the REAL ID Act, we should treat their petition as a petition for review. The government responds that the Rusus are not challenging a final order of removal because the BIA granted withholding, and, as therefore, the Rusus do not face immediate deportation. However, the immigration judge entered an order of removal against the Rusus, which the BIA affirmed, and they are challenging that order. Thus, they are challenging a final order of removal as required by § 106(c). Nor is it relevant that this petition was pending before us, rather than before the district court, when the REAL ID Act was passed. Under *Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1053 (9th Cir.2005), we treat all such petitions as timely petitions for review.

The government further argues that we do not have jurisdiction over this case because determinations regarding the one-year filing deadline are committed to agency discretion under 8 U.S.C. § 1158(a)(3). The REAL ID Act, however, restored our jurisdiction over all "questions of law presented in petitions for review of final orders of removal." *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir.2006). Thus, we have jurisdiction to consider the Rusus' argument that the BIA erred as a matter of law.

The BIA required the Rusus to show "exceptional circumstances that would permit a late filing of an asylum application." The statute requires the Rusus to show circumstances that are extraordinary, not exceptional. 8 U.S.C. § 1158(a)(2)(D). While this distinction might seem inconsequential as a matter of common parlance, these terms are defined differently in the statute, and the exceptional circumstances standard is more difficult for the Rusus to satisfy. *Compare* 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as "circumstances (such as battery or extreme cruelty to the alien ..., *but not including less compelling circumstances*) *beyond the control of the alien.*" (emphasis added)), *with* 8 C.F.R. § 208.4(a)(5) (defining extraordinary circumstances to include, for example, an error on an initial application, and requiring only that the circumstances not be "intentionally created" by the alien). Because the BIA erred as a matter of law, we must remand to the BIA for application of the correct legal standard. *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In doing so, we note that the BIA failed to consider that a discretionary denial of asylum in this case would result in the permanent separation of Elvys and Rahela Rusu from Cristina Rusu, Elvys's wife and Rahela's mother. *See* 8 C.F.R. § 208.16(e).

For these reasons, we GRANT the petition and REMAND to the BIA for reconsideration under the correct legal standard.