Araceli **ESTRADA–DELGADO,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–73802.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2006 \*.

Filed Dec. 12, 2006.

Frederick P.S. Whang, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service, Office of the District Counsel, Christopher Lee Pickrell, Esq., Rebecca Shapiro Cohen, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: B. FLETCHER, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM \*\*

Araceli Estrada–Delgado, a native and citizen of Mexico, filed a petition for writ of

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

habeas corpus in the district court. Since Estrada–Delgado's petition was pending in the district court at the time the Real ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, § 106(c), became effective, her habeas petition was transferred to this court as a petition for review. *See Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1052–53 (9th Cir.2005). We dismiss the petition.

Estrada–Delgado contends that she is entitled to equitable tolling of her voluntary departure deadline because she failed to depart in accordance with the terms of her voluntary departure order due to the erroneous advice of an immigration officer. Estrada–Delgado does not challenge the underlying merits of her deportation order but seeks only the opportunity to voluntarily depart and avoid deportation. Because "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to ... execute removal orders," 8 U.S.C. § 1252(g), we lack jurisdiction to consider her claim.

Even if we had jurisdiction, Estrada–Delgado would not be entitled to equitable tolling. Equitable tolling normally stops a limitations period from running during periods when a petitioner is prevented from filing due to deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error. *See Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1224–26 (9th Cir.2002) (equitable waiver of numerical limit on motion to reopen); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1193–94 (9th Cir.2001) (en banc) (tolling of 90–day deadline to file motion to reopen). Assuming that the doctrine of equitable tolling applies to toll the time period in which an alien must depart the United States pursuant to an order allowing voluntary departure, Estrada–Delgado

has not shown due diligence. More than eight years passed between her March 18, 1996, voluntary departure deadline and her arrest in September 2004, and she has not alleged any attempts to inquire into her immigration status before her arrest.

PETITION DISMISSED.