Gerardo MORENO–MESA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74725.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.[*]

Filed June 15, 2007.

Andres Z. Bustamante, Esq., Law Offices of Andres Z. Bustamante, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM [**]

Gerardo Moreno–Mesa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's denial of his application for a waiver of inadmissibility under former section 212(c) of the Immigration and Na-

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tionality Act. We have jurisdiction under 8 U.S.C. § 1252. We review de novo legal and constitutional questions, *see Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006), and we deny the petition for review.

Moreno–Mesa's equal protection challenge fails because he is not similarly situated to permanent residents who retroactively became ineligible for section 212(c) relief due to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (effective date April 24, 1996). Because Moreno–Mesa's crime constituted an aggravated felony at the time he entered a plea on June 6, 1996, he was not eligible for a waiver under section 212(c). *See* 8 U.S.C. § 1101(a)(43)(B) (1996–97); 8 C.F.R. § 1003.44(a)(4); *see also Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1053–54 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.