**Virginia RAMIREZ DE AGUIRRE, Petitioner–Appellant,**

v.

**Alberto R. GONZALES, Attorney General, and Department of Homeland Security, Bureau of Citizenship and Immigrant Services, Respondent–Appellee.**

No. 04–16089.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Sept. 11, 2007.

Ian E. Silverberg, Esq., Reno, NV, for Petitioner–Appellant.

Greg Addington, AUSA, USRE–Office of the U.S. Attorney, Reno, NV, for Respondent–Appellee.

Before: CANBY, NOONAN, and PAEZ, Circuit Judges.

### MEMORANDUM *

Virginia Ramirez de Aguirre, a native and citizen of Mexico, appeals from the district court's denial of her 28 U.S.C. § 2241 petition for habeas corpus challenging her order of removal. Ramirez de Aguirre's appeal before this court was pending on May 11, 2005, the date of enactment of the REAL ID Act, Pub.L. No. 109–13, 119 Stat. 231, 310, Div. B, § 106(a), which made circuit courts the sole judicial body with jurisdiction to review challenges to orders of removal. Accordingly, we treat the instant appeal as a timely-filed petition for review. *See Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1053 (9th Cir. 2005).

The Immigration Judge ("IJ") properly concluded that the doctrine of equitable estoppel does not bar the Department of Homeland Security from pursuing Ramirez de Aguirre's removal.[1] Equitable estoppel cannot serve as the basis for relief in this case because Ramirez de Aguirre has alleged no facts indicating that the government engaged in "affirmative misconduct" going beyond mere negligence when it erroneously granted her application for lawful permanent resident status. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir.2001) (en banc).

We lack jurisdiction to review the IJ's denial of Ramirez de Aguirre's request for voluntary departure. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the Board of Immigration Appeals affirmed without opinion, pursuant to its streamlining regulations, 8 C.F.R. § 1003.1(e)(4), the IJ's order of removal, we treat the IJ's decision as the final agency determination. *Lanza v. Ashcroft*, 389 F.3d 917, 919 (9th Cir.2004).