MEMORANDUM **
Carmen Salinas-Gonzalez (Salinas) appeals the district court’s denial of his petition for habeas corpus, which sought relief from an order of removal. This court may not review orders of removal on habeas review. See 8 U.S.C. § 1252(a)(5). However, because this case was pending before the district court on the effective date of the REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231, 310-11 (2005), we treat the appeal as a transfer, and conclude that we have jurisdiction to review Salinas’ timely-filed appeal as a petition for review. See Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1053 (9th Cir. 2005). We review the determination of the Board of Immigration Appeals (BIA), rather than the district court’s denial of habeas relief. See id.
During his removal proceeding, Salinas conceded that his conviction for attempted sexual abuse constituted an aggravated felony that rendered him deportable. See 8 U.S.C. § 1101(a)(43)(A); 8 U.S.C. § 122T(a)(2)(A)(iii). He now contests the BIA’s denial of relief from removal under former INA § 212(c), 8 U.S.C. § 1182(c) (1995). Although we generally have no jurisdiction to review denials of discretionary relief, 8 U.S.C. § 1252(a)(2)(B), or orders of removal against an individual removable on the basis of an aggravated *635 felony, 8 U.S.C. § 1252(a)(2)(C), we have jurisdiction to consider questions of law and constitutional questions raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D).
1. Salinas first argues that the BIA exceeded its authority and violated his due process rights by determining that his aggravated felony conviction rendered him ineligible for § 212(c) relief, when the immigration judge (IJ) did not deny him § 212(c) relief on this basis, but rather did so as a matter of discretion. The BIA did not issue an order of removal, but simply added another ground for denying relief in affirming the IJ’s decision. See Noriega-Lopez v. Ashcroft, 335 F.3d 874, 883 (9th Cir.2003). Further, the BIA’s sua sponte determination of this issue was properly within the scope of its “authority to conduct a de novo review of the record and issue its own decision” and did not violate Salinas’ right to due process. Simeonov v. Ashcroft, 371 F.3d 532, 538 (9th Cir.2004).
2. Salinas further challenges the substantive basis of the BIA’s denial of former § 212(c) relief. We first note that our recent decision in Abebe v. Mukasey, 554 F.3d 1203, 1204-05 (9th Cir.2009) (en banc) (per curiam), may call into question the Attorney General’s authority to grant § 212(c) relief to lawful permanent residents who, like Salinas, are found to be deportable, rather than inadmissible. See 8 C.F.R. § 1212.3. We need not resolve Abebe’s effect on this case, however, because we hold that Salinas is otherwise ineligible for § 212(c) relief.
Salinas conceded at his removal hearing that he was deportable on the basis of his conviction for an aggravated felony; this conviction also renders Salinas ineligible for § 212(c) relief. 8 C.F.R. § 1212.3(f)(4). Although Salinas pleaded guilty to attempted sexual abuse shortly after the An-titerrorism and Effective Death Penalty Act (AEDPA), Pub.L. 104-132, 110 Stat. 1277 (1996), eliminated § 212(c) relief for individuals convicted of aggravated felonies, we have held that the elimination of such relief applies to individuals like Salinas who pleaded guilty after April 24, 1996, AEDPA’s effective date. See Alvarez-Barajas, 418 F.3d at 1054. Further, although Salinas’ crime of conviction was not an aggravated felony at the time he pleaded guilty, we held in Alvarez-Barajas that Congress’s expansive definition of aggravated felony in the Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub.L. 104-208, § 321(a)(1), 110 Stat. 3009-628, applied retroactively to convictions before its effective date. Id.
3. Because Salinas is ineligible for § 212(c) relief as a result of his aggravated felony conviction, we need not decide whether United States v. Velasco-Medina, 305 F.3d 839 (9th Cir.2002), would also render Salinas ineligible for § 212(c) relief, or whether application of that case here would result in an equal protection violation.
4. Finally, Salinas argues that the IJ violated his right to due process during the § 212(c) hearing. In light of Salinas’ ineligibility for § 212(c) relief, this issue is moot and we need not address it.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.