**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN TORLONE, | No. 07-72809 |
| Petitioner, | Agency No. A014-147-674 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Steven Torlone, a native and citizen of Canada, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's removal order.  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IH/Research

review de novo constitutional questions and questions of law, *Becker v. Gonzales*, 473 F.3d 1000, 1001 n.2 (9th Cir. 2007), and we deny the petition for review.

Torlone's contention that the expanded aggravated felony definition contained in section 321 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") cannot be applied retroactively is foreclosed. *See Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1054 (9th Cir. 2005).

Torlone's aggravated felony conviction renders him ineligible for a § 212(h) waiver. *See* 8 U.S.C. § 1182(h)(2). Torlone's contention that he remains eligible for a waiver of inadmissability under § 212(h) as it existed prior to the enactment of IIRIRA is foreclosed. *See Alvarez-Barajas*, 418 F.3d at 1054-55 ("Congress not only made aliens convicted of aggravated felonies ineligible for [§ 212(h)] waivers, but expressly made this change retroactive.").

Torlone's contention that he is eligible for a waiver of inadmissability under former § 212(c) is foreclosed. *See Armendariz-Montoya v. Sonchik*, 291 F.3d 1116, 1121-22 (9th Cir. 2002) (holding that aliens who "pleaded not guilty and elected a jury trial … [are] barred from seeking § 212(c) relief").

Torlone's due process claims are unpersuasive. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**