**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIEZAR ABELLA, a.k.a. Eliezar A. Abella, a.k.a. Bert, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71500 <br><br> Agency No. A036-147-858 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Eliezar Abella, a native and citizen of the Philippines, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007). We deny in part and grant in part the petition for review, and remand for further proceedings.

The BIA correctly concluded that the amended aggravated felony definition set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208 ("IIRIRA"), applies retroactively to render Abella's conviction under California Penal Code § 192(a) an aggravated felony. *See Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1054 (9th Cir. 2005) (IIRIRA definition applies retroactively). Abella's contention that retroactive application of IIRIRA violates his rights to due process and equal protection is unpersuasive, and his contention that it violates the prohibitions against ex post facto laws and bills of attainder is foreclosed by *Artukovic v. INS*, 693 F.2d 894, 897 (9th Cir. 1982).

In light of the Supreme Court's decision in *Judulang v. Holder*, 132 S. Ct. 476, 484 (2011), however, we grant the petition for review in part and remand to the BIA to reassess Abella's eligibility for relief under former § 212(c) of the Immigration and Nationality Act.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

10-71500