RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent. I agree that this case has come to us in a way that presents a procedural conundrum. However, I do not agree that we may resolve our dilemma by transferring this petition to the Board of Immigration Appeals (BIA).
The BIA has issued no decision on the Petitioner’s claim that she was illegally removed because she departed the United States in accordance with the grant of voluntary departure. I agree with the majority that the lack of a decision by the BIA results in de novo review by this court. However, I part company with the majority’s conclusion that our de novo review consists of transferring the matter to the BIA. In my view, de novo consideration requires us to apply governing law to *1099 the facts of the case. See Swinton v. Potomac Corp., 270 F.3d 794, 817 (9th Cir.2001); see also Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir.2006) (defining de novo review to mean that this court “review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered”) (citation omitted). Admittedly, in this case the facts were not developed before the BIA, and we cannot rely on the district court’s factual findings, see Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1053 (9th Cir.2005). However, that does not mean that we are without recourse in performing our required review.
Rule 48 of the Federal Rules of Appellate Procedure specifically provides for the appointment of a special master “to recommend factual findings and disposition ...” Fed. R.App. P. 48(a). The rule provides in pertinent part:
(a) Appointment; Powers. A court of appeals may appoint a special master to hold hearings, if necessary, and to recommend factual findings and disposition in matters ancillary to proceedings in the court....
(b) Compensation. If the master is not a judge or court employee, the court must determine the master’s compensation and whether the cost is to be charged to any party.
It could be argued that referral of this matter would not comport with the language of the rule that refers to “ancillary matters.” However, the Advisory Committee Notes clarify this point, stating that:
... There are instances when the question before a court of appeals requires a factual determination....
Ordinarily when a factual issue is unresolved, a court of appeals remands the case to the district court or agency that originally heard the case ... However, when factual issues arise in the first instance in the court of appeals ... it would be useful to have authority to refer such determinations to a master for a recommendation.
Fed. R.App. P. 48, Advisory Committee Notes, 1994 Amendments (emphasis added).
I read Rule 48 as authorizing us to appoint a special master, including a magistrate judge, see Fed. R.App. P. 48(b), to “recommend factual findings and disposition” in this matter. Fed. R.App. P. 48(a). I am aware of no authority that would permit us to satisfy our obligation to conduct a de novo review by transferring this petition to the BIA, and the majority opinion cites none. Indeed, the cases cited by the majority refer to a remand to the BIA, rather than a transfer. See INS v. Ventura, 537 U.S. 12, 15-16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (discussing remand when the Court of Appeals is “reviewing] a decision of the BIA ”) (emphasis added); see also Gonzales v. Thomas, — U.S. —, 126 S.Ct. 1613, 1614-15, 164 L.Ed.2d 358 (same). A remand is not appropriate in this case because the function of a remand is to return a case to the decision-maker to permit that decisionmaker to correct an error, or otherwise perform an adjudicatory function that was neglected or overlooked. See N.L.R.B. v. Enterprise Ass’n of Steam Pipefitters, 429 U.S. 507, 522 n. 9, 97 S.Ct. 891, 51 L.Ed.2d 1 (1977); see also Black’s Law Dictionary 1319 (8th ed.1999) (defining “remand” as: “[t]o send (a ease or claim) back to the court or tribunal from which it came for some further action.”) (emphasis added).
Without citing any supporting authority, the majority blithely transfers this case to the BIA for initial consideration, even though the BIA performs an appellate function rather than a factfinding one. *1100 Matter of Fedorenko, 19 I. & N. Dec. 57, 74 (BIA 1984) (“The Board is an appellate body whose function is to review, not to create, a record.”) (citation omitted); see also 8 C.F.R. § 1003.1(d)(1) (designating the BIA’s function as an appellate body) and (d)(3)(i) (“The Board will not engage in de novo review of findings of fact determined by an immigration judge.”).
I cannot agree that an unauthorized transfer to the BIA is appropriate. Rather, I would appoint the magistrate judge who prepared the report and recommendation as a special master in this case, and have her submit her findings and recommendations directly to this Court pursuant to Fed. R.App. P. 48. We would then be able to conduct de novo review, using the magistrate judge’s report as the starting point.
Because the majority opinion transfers this petition to the BIA without authority to do so, I respectfully dissent.