Irma Wahjudi SHALIMAR; Hendra Wahjudi; Chrysta Cerry Airine Wahjudi, Petitioners,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

Irma Shalimar Wahjudi; Hendra Wahjudi; Caesar Wahjudi; Chrysta Wahjudi, Petitioners,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 05–76243, 07–70966.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 2008.

Filed Jan. 23, 2008.

---

3. *See id.* at 497.

* Michael B. Mukasey is substituted for his predecessors, Alberto R. Gonzales and Peter D. Keisler, as Attorneys General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Monica Schurtman, Esq., Christian Dale Slack, Brian Tanner, Mikela French, Esq., Ross Brown, Esq., University of Idaho, College of Law Legal Aid Clinic, Moscow, ID, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the Deputy Chief Counsel, Department of Homeland Security, Helena, MT, Michelle E. Gorden Latour, Esq., Cindy S. Ferrier, Esq., P. Michael Truman, Esq., Thomas H. Dupree,

Jr., Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM **

■ 1. The BIA did not abuse its discretion in denying the petitioners' untimely motion to reopen removal proceedings. The petitioners failed to demonstrate that "circumstances [in Indonesia] have changed sufficiently" such that they now have a legitimate claim for asylum when they previously lacked "a well-founded fear of future persecution" and sufficient cause to excuse the breach of the 90–day filing deadline. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004); 8 U.S.C. § 1229a(c)(7)(C). Although the evidence reflects a subjective belief of future persecution—continuing violence in Indonesia and a deterioration of conditions adverse to the ethnic Chinese, Christians, women, the mentally ill, and political dissidents— our case law requires, and the record here is devoid of, an individualized threat of persecution "distinct from [that] felt by all other ethnic Chinese Christians in Indone-

sia" that establishes the petitioners' fear is objectively reasonable. *Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc). The BIA's determination therefore was not "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (internal quotation marks omitted).

■ 2. The IJ's determination, affirmed without opinion by the BIA, that the petitioners were ineligible for asylum, withholding from removal, and protection under CAT is supported by substantial evidence.[1] As discussed above, the petitioners are unable to point to record evidence that their fear of future persecution was objectively reasonable. In short, the evidence does not distinguish the situation the petitioners potentially would face upon return to Indonesia from that experienced by all members of the groups to which they allege they belong. The IJ therefore correctly determined that the petitioners did not satisfy their burden of proof. *See Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000).

■ Because the petitioners are unable to establish the lower evidentiary threshold of entitlement to asylum, they are necessarily ineligible for withholding from removal and protection under CAT. *See*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We previously dismissed as untimely a petition for review in this matter challenging the same IJ's decision. *See Shalimar v. Ashcroft*, 117 Fed.Appx. 618 (9th Cir.2004). However, the petitioners subsequently applied for habeas relief under 28 U.S.C. § 2241 challenging their order of removal. Within days, Congress enacted the REAL ID Act, which prompted the district court, under section 106(c), to transfer the case to us. *See* Pub L. No. 109–13 § 106(c). The REAL ID Act mandates that we "treat the [transferred case as a]

petition for review under section 242 [of the INA], except that subsection (b)(1) [the thirty-day time limitation] of such section shall not apply." *Id.* We therefore have held that we have jurisdiction over what would otherwise be an untimely filed petition for review and that our standard of review remains unaltered. *See Alvarez–Barajas v. Gonzales*, 418 F.3d 1050 (9th Cir.2005) (reasoning that the thirty-day time limitation is inapplicable to transferred cases and that "[t]he fact that we construe Alvarez–Barajas' habeas petition as a petition for review *does not affect our standard for review* ") (emphasis added).

*Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**3.** The IJ's statement during the removal proceedings that "I have made an effort to try and look" over the 500 pages of materials the petitioners submitted in support of their applications and conclusion that "I did not see anything specific to personal problems that they've had" did not violate the petitioners' due process rights. It is apparent that the IJ in fact had reviewed the materials because he articulated what he felt was a critical deficiency—the lack of any individualized nexus. Significantly, the IJ solicited comments from the petitioners to ensure his understanding was accurate. There was no due process violation.

The remainder of the petitioners' due process contentions similarly lack merit. The IJ appropriately relied on the State Department country report, *see Lolong,* 484 F.3d at 1181 n. 5; the IJ did not impermissibly exclude relevant case law, *see Lopez v. Ashcroft,* 366 F.3d 799, 807 n. 5 (9th Cir.2004); the BIA permissibly affirmed the IJ's decision without opinion, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003); and the BIA did not improperly omit a statement of the petitioners' appellate remedies. Finally, we lack jurisdiction to consider whether the BIA should have exercised its discretion to *sua sponte* reopen removal proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1160 (9th Cir.2002).

**PETITIONS FOR REVIEW DENIED IN PART; DISMISSED IN PART.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.