**Gabriel BENAVIDES–PINA,**
**Petitioner–Appellant,**

v.

**Michael B. MUKASEY,\* Attorney General; et al., Respondents–Appellees.**

**No. 04–56264.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 2008.

Filed Jan. 31, 2008.

Jan Joseph Bejar, Esq., San Diego, CA, for Petitioner–Appellant.

Samuel W. Bettwy, Esq., Carol C. Lam, AUSA, Office of the U.S. Attorney, San Diego, CA, for Respondents–Appellees.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Before: FARRIS and M. SMITH, Circuit Judges, and SANDOVAL,** District Judge.

MEMORANDUM ***

After a hearing before an IJ, Gabriel Benavides–Pina was denied discretionary relief from deportation under sections 212(c) and 241(a)(1)(H) of the Immigration and Nationality Act. 8 U.S.C. §§ 1182(c), 1251(a)(1)(H) (1994). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that he was denied due process because the IJ was biased against him. The district court denied the petition and Benavides–Pina appealed.

Because the appeal was pending in this court upon enactment of the REAL ID Act, we treat it as a timely filed petition for review. *Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1053 (9th Cir.2005). As a petition for review, we review the agency's decision, not the district court's order. *Id.* Because the BIA affirmed the IJ's decision without opinion, "we evaluate the IJ's decision as we would that of the Board." *Lanza v. Ashcroft,* 389 F.3d 917, 925 (9th Cir.2004) (citation omitted).

This court lacks jurisdiction to review any discretionary "decision or action of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B). However, we retain jurisdiction to review colorable constitutional claims or questions of law pertaining to the agency's discretionary hardship determination. *Id.* § 1252(a)(2)(D).

The record does not reflect that the IJ violated Benavides–Pina's due process rights by failing to act as a neutral adjudicator. Nothing in the record suggests that the IJ prejudged the merits of the case. The IJ heard testimony from Benavides–Pina's four witnesses and made no statements indicating that he reached any conclusions about the case before he heard testimony. *Cf. Cano–Merida v. INS,* 311 F.3d 960, 963–64 (9th Cir.2002) (due process violation where IJ said at the beginning of the hearing "I believe you have no basis for a claim to asylum"). Benavides–Pina's characterization of the IJ's questioning of witnesses as "aggressive" and "unfair" is also inaccurate. From the transcript, the IJ's interventions were appropriate.

Benavides–Pina's argument that the IJ prevented him from describing the DEA agent's alleged lie is also unsupported by the record. The IJ allowed Benavides–Pina to speak at length about his conviction. Further, viewing the transcript as a whole, Benavides–Pina had ample opportunity to present his case. His four witnesses gave over 180 pages of testimony. *Cf. Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (due process violation where IJ's remark indicated that he pre-judged claim and IJ would not let asylum applicant testify about anything in his written application).

Benavides–Pina also argues that the IJ "erroneously and unconstitutionally" found that (1) he was not rehabilitated for his past actions and (2) his family was not close. In substance, he is challenging the fact that the IJ considered these factors in denying discretionary relief. We lack jurisdiction to review an abuse of discretion argument merely re-characterized as a due process argument. *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001);

---

** The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

**Petition for review DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.