**Doreen RICE, Plaintiff—Appellant,**

v.

**Michael W. WYNNE, Secretary of the Air Force; et al., Defendants— Appellees.**

No. 06–56280.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2008.*

Filed March 20, 2008.

Joseph M. Lovretovich, Esq., Law Offices of Joseph M. Lovretovich, Woodland Hills, CA, for Plaintiff–Appellant.

Ira A. Daves, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

Before: GIBSON,** O'SCANNLAIN, and GRABER, Circuit Judges.

MEMORANDUM ***

Plaintiff Doreen Rice brought suit against Defendant Michael W. Wynne, in his official capacity as Secretary of the Air Force, alleging that her termination as a civilian librarian at Edwards Air Force Base violated the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–961. Following

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the district court's grant of summary judgment to Defendant, Plaintiff timely appealed. On de novo review, *Head v. Glacier Nw., Inc.*, 413 F.3d 1053, 1058 (9th Cir. 2005), we affirm.

To support a Rehabilitation Act claim, Plaintiff must establish that she is disabled within the meaning of the Rehabilitation Act. *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1011 (9th Cir.2007), *cert. denied*, — U.S. —, 128 S.Ct. 879, 169 L.Ed.2d 726 (2008). The standards for determining whether an individual is disabled under the Rehabilitation Act are the same as those under the Americans with Disabilities Act. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir.2004). Plaintiff contends that she was disabled because she was substantially limited in the major life activities of working and performing manual tasks or, in the alternative, because Defendant regarded her as disabled.[1]

Plaintiff was substantially limited neither with respect to working, *see Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), nor with respect to the performance of manual tasks of central importance to daily life as compared to most people, *see Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) (explaining the requirements for a claim based on a substantial limitation of the major life activity of working); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1065 (9th Cir.2005) (explaining the requirements for a claim based on a substantial limitation with respect to manual tasks). There is no evidence that Plaintiff was unable to work in a broad range of jobs or that her manual limitations were substantial as compared with most people's abilities. In addition, Plaintiff experienced manual limitations only on an irregular basis and only to a limited extent. As a result, Plaintiff has failed to establish a triable issue that she is substantially limited with respect to a major life activity.

Plaintiff also failed to establish that Defendant regarded her as disabled. The record contains no evidence that Defendant believed that Plaintiff had a substantially limiting impairment. As noted above, there also is no objective evidence that her impairment was substantially limiting. *See Walton*, 492 F.3d at 1005–06 (explaining the standard for a plaintiff's claim that she was "regarded as" disabled). Neither the workplace accommodations provided to Plaintiff nor her termination due to her inability to perform the essential functions of her job established that Defendant regarded her as disabled. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 798 (9th Cir.2001); *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 541 (9th Cir.1997) (per curiam).

AFFIRMED.

---

1. Plaintiff also argues that she was a qualified individual with a disability and that she suffered an adverse employment action because of her disability. We need not address those contentions, because we hold on the threshold question that there is no evidence that Plaintiff was disabled or regarded as disabled.