**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEBAN JIMENEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-73830<br><br>Agency No. A092-739-737<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

Esteban Jimenez petitions for review of the Board of Immigration Appeals

order dismissing his appeal. The BIA affirmed the immigration judge's decision

that Jimenez was not entitled to consideration of his application for a section

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

212(c) waiver because Jimenez also required a section 212(h) waiver to maintain his status, and he did not qualify for that waiver. We agree and deny his petition.

Jimenez attained permanent resident status in 1992. He was convicted of drug trafficking in 1995 and perjury in 1997. He does not dispute that drug trafficking is an "aggravated felony," and perjury is a "crime involving moral turpitude." A permanent resident convicted of an "aggravated felony" is removable unless he is eligible for an adjustment of status. 8 U.S.C. § 1227(a)(2)(A)(iii); *Judulang v. Holder*, 132 S. Ct. 476, 480-81 (2011). An adjustment of status is unavailable to a permanent resident convicted of a "crime involving moral turpitude" unless he receives a section 212(h) waiver. 8 U.S.C. §§ 1182(a)(2)(A)(i); 1182(h). Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), a section 212(h) waiver is unavailable to a permanent resident convicted of an "aggravated felony." 8 U.S.C. § 1182(h). Though Jimenez argues that IIRIRA's amendment to section 212(h) does not apply to him because his drug trafficking conviction predated the statute, we have already decided that this amendment is permissibly retroactive. *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1054-55 (9th Cir. 2005). As a permanent resident convicted of a "crime involving moral turpitude" and an "aggravated felony," Jimenez is removable without prospect of an adjustment of status.

2

The BIA did not err in deciding that the immigration judge did not need to consider Jimenez's application for a section 212(c) waiver because such consideration would have been futile. *See In re Hashmi*, 24 I. & N. Dec. 785, 790 (BIA 2009).

**PETITION DENIED.**