**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| WELLS FARGO & COMPANY; WELLS FARGO INSURANCE SERVICES USA, INC., *Plaintiffs-Appellants*, <br><br> v. <br><br> ABD INSURANCE & FINANCIAL SERVICES, INC., FKA Insurance Leadership Network, Inc.; KURT DE GROSZ; BRIAN HETHERINGTON, *Defendants-Appellees*. | No. 13-15625 <br><br> D.C. No. 4:12-cv-03856-PJH <br><br> ORDERS AND OPINION |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted
December 2, 2013—San Francisco, California

Filed March 11, 2014

Before: Michael Daly Hawkins, Ronald M. Gould,
and Richard A. Paez, Circuit Judges.

Orders;
Opinion by Judge Gould

## SUMMARY[*]

### Preliminary Injunction / Lanham Act

The panel filed an order withdrawing a prior order and replacing it with an order withdrawing the mandate, granting a request for publication, withdrawing a memorandum disposition, and filing an opinion reversing the district court's denial of plaintiffs' motion for a preliminary injunction in a trademark infringement case.

The panel held that the district court abused its discretion in its analysis of plaintiffs' likelihood of success on the merits of their claims. First, the district court abused its discretion when it did not consider a false advertising claim separately from a trademark infringement claim because the two claims were distinct and required the application of separate tests. Second, the panel held that the district court abused its discretion in its analysis of the abandonment defense to the trademark infringement claim when it considered evidence of prospective intent to abandon the mark to determine whether plaintiffs' uses were bona fide and in the ordinary course of business. The panel reversed the district court's order and remanded the case for reconsideration and further proceedings.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kevin D. Rising (argued) and Stephen R. Mick, Barnes & Thornburg LLP, Los Angeles, California; Felicia J. Boyd, Barnes & Thornburg LLP, Minneapolis, Minnesota, for Plaintiffs-Appellants Wells Fargo & Co. et al.

Benjamin K. Riley (argued), Kerry L. Duffy, and Jayne Laiprasert, Bartko, Zankel, Bunzel & Miller, San Francisco, California, for Defendants-Appellees ABD Insurance & Financial Services, Inc. et al.

**ORDER**

The order for publication filed on March 3, 2014, is withdrawn, and replaced with the order for publication attached herein.

**ORDER**

The mandate issued in this case is withdrawn. Stoel Rives' request for publication is **GRANTED**, and the Memorandum Disposition issued on December 20, 2013 and amended by order on February 6, 2014, is withdrawn. The withdrawn memorandum disposition is replaced and superseded by the attached opinion.

**OPINION**

GOULD, Circuit Judge:

Appellants Wells Fargo & Co. et al. ("Wells Fargo") bring this case against Appellees ABD Insurance and Financial Services et al. ("New ABD") arguing that the district court abused its discretion when it denied Wells Fargo's motion for preliminary injunction.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the district court's order and remand the case for reconsideration of the motion for preliminary injunction consistent with this opinion.

Wells Fargo acquired the original ABD Insurance and Financial Services ("Former ABD") in 2007, at which point hundreds of Former ABD employees joined Wells Fargo offices.  In 2008, Wells Fargo changed the name of ABD to "Wells Fargo Insurance Services," but continued to display the Former ABD mark on customer presentations and solicitations, to maintain the abdi.com website and metatags, and to accept customer payments made to ABD.  However, members of the Former ABD left Wells Fargo in 2009 and created a new insurance and financial services company called Insurance Leadership Network, Inc. ("ILN").  Those members then used ILN to launch New ABD in June or July 2012, using the exact same name as Former ABD, when they learned that Wells Fargo had not renewed the registration of the Former ABD mark.  Wells Fargo filed suit against New ABD on July 24, 2012 asserting trademark, false affiliation and advertisement, and unfair competition claims.  Wells Fargo filed a motion for a preliminary injunction on January 16, 2013.  The district court denied that motion by order of March 8, 2013.

The district court's denial of preliminary injunctive relief is reviewed for an abuse of discretion. *Brookfield Comms., Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1045–46 (9th Cir. 1999). "'A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law,' *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990), so we review the underlying legal issues de novo." *Brookfield Comms.*, 174 F.3d at 1046 (citations omitted).

A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction. *Winter v. N.R.D.C., Inc.*, 555 U.S. 7, 20 (2008). We agree with Wells Fargo that the district court erred in its view of the applicable law and therefore abused its discretion in its analysis of the first element, the likelihood of success on the merits.

First, the district court abused its discretion when it did not separately consider the false advertisement claim. The district court included that claim in its trademark infringement analysis because it found false advertisement to be "derivative of Wells Fargo's trademark infringement claim." However, the two claims are distinct and require the application of separate tests. To succeed on a false advertisement claim under Lanham Act § 43(a), a plaintiff must prove:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to

> deceive a substantial segment of its audience;
> (3) the deception is material, in that it is likely
> to influence the purchasing decision; (4) the
> defendant caused its false statement to enter
> interstate commerce; and (5) the plaintiff has
> been or is likely to be injured as a result of the
> false statement, either by direct diversion of
> sales from itself to defendant or by lessening
> of the goodwill associated with its products.

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (citations omitted). The false advertisement test requires a plaintiff to show all five elements. *Id*. By contrast, a claim for trademark infringement requires only two elements: (1) ownership of a trademark, and (2) that the plaintiff show a likelihood of confusion through the balancing of eight factors. *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012). These tests are distinct, and the district court abused its discretion when it did not separately consider the false advertisement claim.

The district court also abused its discretion by misapplying the law in its abandonment analysis when it considered evidence of prospective intent to abandon the mark to determine whether Wells Fargo's uses were bona fide and in the ordinary course of business. To prove abandonment of a mark as a defense to a claim of trademark infringement, a defendant must show that there was: "(1) discontinuance of trademark use *and* (2) intent not to resume such use." *Electro Source, LLC v. Brandess-Kalt-Aetna Grp., Inc.*, 458 F.3d 931, 935 (9th Cir. 2006). The phrase "trademark use" means "the bona fide use of a mark in the ordinary course of trade, and not merely to reserve a

right in a mark." *Id*. at 936 (quoting 15 U.S.C. §1127). Even a "single instance of use is sufficient against a claim of abandonment of a mark if such use is made in good faith." *Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 804 (9th Cir. 1970). All bona fide uses in the ordinary course of business must cease before a mark is deemed abandoned.

We have said that "unless the trademark use is actually terminated, the intent not to resume use prong of abandonment does not come into play." *Electro Source*, 458 F.3d at 937–38. "[A] prospective intent to abandon says nothing about whether use of the mark has been discontinued." *Id*. at 937.

The district court held that Wells Fargo abandoned the ABD mark, reasoning that Wells Fargo's continued uses of the ABD mark were not bona fide and in the ordinary course of trade because such uses were "residual . . . or in the context of a historical background" given Wells Fargo's rebranding efforts. The district court's abandonment findings were flawed for two significant reasons. First, prospective intent to abandon is not properly considered when examining whether bona fide uses of the mark in the ordinary course of business have ceased, and the district court erred when it considered Wells Fargo's intent to rebrand ABD in that context. Second, the district court misconstrued the breadth of uses included within the scope of a "bona fide use in the ordinary course of trade." Courts must consider the totality of the circumstances surrounding the use, and "even a declining business retains, may benefit from, or may continue to build its goodwill until it shuts its doors or ceases use of its marks." *Id*. at 938. In this case, Wells Fargo continued to use the mark in several ways, most notably in customer presentations and solicitations. Such uses demonstrate Wells

Fargo's business calculation that it could continue to benefit from the goodwill and mark recognition associated with ABD, and we conclude that Wells Fargo continued its bona fide use of the mark in the ordinary course of business through these uses.   Thus, the district court erred by concluding that Wells Fargo abandoned the ABD mark, contrary to the principles of *Electro Source*.

Finally, at the preliminary injunction stage, evidence of actual confusion is of diminished importance when a court examines the likelihood of confusion for a trademark infringement claim. *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1151 (9th Cir. 2011) ("[W]hile [actual confusion] is a relevant factor for determining the likelihood of confusion . . . its importance is diminished at the preliminary injunction stage of the proceedings."). Because a motion for preliminary injunction normally occurs early in litigation, at that point parties rarely have amassed significant evidence of actual confusion. *Id*. For that reason, while actual confusion is a critical factor in a full likelihood of confusion analysis, it is less important at the preliminary injunction stage, and we caution against resting a finding of the likelihood of success of a trademark infringement claim on that factor.

We also note that although the district court did not abuse its discretion by omitting consideration of the false affiliation claim because it was not properly raised below, we see no reason why that claim cannot be raised on remand and therefore hold that Wells Fargo can address any false affiliation claims it has in further proceedings consistent with this opinion.   We further note that the district court determined that Wells Fargo failed to establish that it would likely suffer irreparable harm if a preliminary injunction did

not issue.   In light of our recent decision in *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239 (9th Cir. 2013), we decline to address this issue.  Because neither the district court nor the parties had the benefit of *Reed*, the district court should revisit the issue of irreparable harm on remand.  *See id.* at 1250 ("Evidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm.").

For the reasons stated above, we conclude that the district court abused its discretion in its analysis of Wells Fargo's likelihood of success on the merits of its claims, and we reverse the district court's order and remand for reconsideration and further proceedings.

**REVERSED and REMANDED.**