NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AECOM ENERGY AND
CONSTRUCTION, INC., an Ohio
corporation,

        Plaintiff-Appellee,

 v.

MORRISON KNUDSEN CORPORATION,
a Nevada corporation; MORRISON-
KNUDSEN COMPANY, INC., a Nevada
corporation; MORRISON-KNUDSEN
SERVICES, INC., a Nevada corporation;
MORRISON-KNUDSEN
INTERNATIONAL, INC., a Nevada
corporation; GARY TOPOLEWSKI,

        Defendants-Appellants,

 and

JOHN RIPLEY; TODD HALE; HENRY
BLUM; BUD ZUKALOFF,

        Defendants.

No.   17-56513

D.C. No.
2:17-cv-05398-RSWL-SS

MEMORANDUM[*]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted August 27, 2018[**]
Pasadena, California

Before: GOULD and BYBEE, Circuit Judges, and HERNANDEZ,[***] District Judge.

Morrison Knudsen Corporation, Morrison-Knudsen Company, Inc., Morrison-Knudsen Services, Inc., Morrison-Knudsen International, Inc., and Gary Topolewski ("Defendants") appeal the district court's grant of a preliminary injunction in favor of Plaintiff AECOM Energy and Construction, Inc. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

To obtain a preliminary injunction, AECOM "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In its July 21, 2017 complaint, AECOM alleged seven claims: (1) false association in violation of 15 U.S.C. § 1125(a)(1)(A); (2) false advertising

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Marco A. Hernandez, United States District Judge for the District of Oregon, sitting by designation.

in violation of 15 U.S.C. § 1125(a)(1)(B); (3) cyberpiracy in violation of 15 U.S.C. § 1125(d); (4) California common law unfair competition; (5) California statutory unfair competition; (6) California statutory false advertising; and (7) petition for a cancellation of a registered mark.  The district court concluded that AECOM was likely to succeed on the merits of its false association, false advertising, and cyberpiracy claims.[1]  It also concluded that AECOM had made a sufficient showing as to each of the other *Winter* factors to justify granting a preliminary injunction.  We review for an abuse of discretion.  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014), *as amended* (Mar. 11, 2014).

     1.     To succeed on its false association claim under 15 U.S.C. § 1125(a)(1)(A), AECOM must prove that Defendants "(1) use[d] in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of [its] goods or services." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007).  Here, Defendants displayed the MK marks and Morrison Knudsen's history on their public website, which constitutes use in

---

[1] The district court also concluded, and the parties do not dispute, that AECOM's state-law claims are substantially congruent with its federal-law claims. Accordingly, the district court did not independently address those claims, except by reference to its federal-law analysis.  We take the same approach.  *See Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).

commerce. *United States v. Sutcliffe*, 505 F.3d 944, 952–53 (9th Cir. 2007).

Further, AECOM has shown a likelihood of confusion. Defendants have appropriated the same MK marks and Morrison Knudsen corporate history that AECOM uses, and Defendants have used these marks and history in the same market—the construction market—in which AECOM operates. *See Lindy Pen Co., Inc. v. Bic Pen Corp.*, 796 F.2d 254, 256–57 (9th Cir. 1986). We reject Defendant's abandonment defense—to the extent it is available as a defense to claims brought under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)— because AECOM continues to use the MK marks in promotional materials. *See Wells Fargo*, 758 F.3d at 1072. The district court did not abuse its discretion in concluding that AECOM has shown a likelihood of success on the merits of its false association claim.

   2.     To succeed on its false advertising claim under 15 U.S.C. § 1125(a)(1)(B),[2] AECOM must prove:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct

---

[2] As an initial matter, AECOM has standing to pursue its false advertising claim because it alleges harm to its business reputation proximately caused by Defendants' misrepresentations. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014).

diversion of sales from itself to defendant or by lessening of the goodwill associated with its products.

*Wells Fargo*, 758 F.3d at 1071 (quoting *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)).

Here, Defendants have held themselves out to the public as Morrison Knudsen through use of the MK marks and Morrison Knudsen's corporate history. Such statements are literally false; Defendants are neither the original Morrison Knudsen nor its successor. *See Southland Sod Farms*, 108 F.3d at 1139. Because they are literally false, we need not consider the impact on the buying public. *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1367 (Fed. Cir. 2013). As to materiality, a former AECOM employee confused Defendants' business for the real Morrison Knudsen and steered business to Defendants, likely satisfying this element. *See Skydive Ariz., Inc. v. Quattrochi*, 673 F.3d 1105, 1111 (9th Cir. 2012). Finally, Defendants do not dispute that they caused the false statements to enter commerce, nor could they, and AECOM has put forth declarations explaining how Defendants' activities undermine AECOM's control of the Morrison Knudsen brand and lessen the goodwill associated with it. We reject Defendants' abandonment defense for the reason already articulated. The district court did not abuse its discretion in concluding that AECOM has shown a likelihood of success on the merits of its false advertising claim.

3. With respect to AECOM's cyberpiracy claim, "[a] person shall be

5

liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person (i) has a bad faith intent to profit from that mark . . .; and (ii) registers, traffics in, or uses a domain name [that is confusingly similar to another's mark or dilutes another's famous mark]." *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 680 (9th Cir. 2005) (alterations in the original) (quoting 15 U.S.C. § 1125(d)(1)(A)). Here, Defendants have registered the domain name "morrison-knudsen.com." That name is identical to the Morrison Knudsen mark. Moreover, Defendants' "bad faith intent to profit" is clear from their conduct. Defendants revived dissolved Morrison Knudsen entities without permission to do so from that company's successor, despite stating under penalty of perjury that such authority existed. Defendants contacted the United States Patent and Trademark Office ("USPTO") and changed the mailing address associated with the MK marks to their own address, with no authority to do so. Defendants transferred one MK mark to themselves, again with no authority to do so. When the USPTO cancelled registrations of the MK marks, Defendants filed an application to register the mark "MORRISON KNUDSEN" as their own, falsely claiming to have owned the mark since Morrison Knudsen's founding in 1933. And Defendants, through their website, have misappropriated Morrison Knudsen's history as their own (it is not). Defendants have repeatedly shown an intent to profit from an association with the original Morrison Knudsen. We again reject Defendants' abandonment

6

defense. The district court did not abuse its discretion in concluding that AECOM has shown a likelihood of success on the merits of its cyberpiracy claim.

4. Nor did the district court abuse its discretion in concluding that the other *Winter* factors justify issuance of a preliminary junction in favor of AECOM. AECOM has put forth evidence of its close control of the goodwill associated with the MK marks and the harm caused by loss of control as a result of Defendants' actions, demonstrating irreparable harm. *See Adidas Am., Inc. v. Sketchers USA, Inc.*, 890 F.3d 747, 756 (9th Cir. 2018); *Disney Enters., Inc., v. VidAngel, Inc.*, 869 F.3d 848, 865–66 (9th Cir. 2017). We reject Defendants' argument that AECOM's delay in filing suit after learning of Defendants' use of the MK marks precludes a finding of irreparable harm. The delay occurred while AECOM tried to stop Defendants' use of the MK marks without court intervention and while AECOM undertook further investigation of Defendants' activities. As to the balance of equities, we agree that the balance favors AECOM. If an injunction issues, Defendants will merely be required to cease their illegal activities; but if an injunction does not issue, AECOM will lose control over the MK brand for which it paid substantial consideration. Finally, we agree with the district court that an injunction serves the public interest in preventing consumer confusion. An injunction will discourage the deceptive practices in which Defendants engaged here.

We hold that the district court did not abuse its discretion in issuing a preliminary injunction in favor of Plaintiff AECOM.

**AFFIRMED.**