JESUS G. BERNAL, United States District Judge *1085 I. INTRODUCTION
On September 26, 2018, Petitioners Marcos Villanueva-Bustillos ("Petitioner") and Sara Carolina Aguilar Ochoa, through counsel, filed a "Petition in the Nature of Writ Habeas Corpus and Application for Stay of Removal." Dkt. 1 ("Petition"). On October 15, 2018, Ms. Ochoa voluntarily dismissed her petition, leaving Petitioner as the sole remaining petitioner.
On October 8, 2018, Petitioner filed a "Motion for Emergency Stay of Removal" seeking an order from this Court staying any removal of Petitioner. Dkt. 7 ("Motion"). On October 19, 2018, Respondent filed an Opposition to the Motion arguing, among other things, that the Court lacks subject matter jurisdiction. Dkt. 17 ("Opposition" or "Opp.").
Per order of the Court (Dkt. 11), the matter having been fully briefed, for the reasons set forth below, the Motion is GRANTED in part.
II. PROCEDURAL HISTORY
In the Petition, brought under 28 U.S.C. § 2241, Petitioner alleges agents of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") apprehended him on August 7, 2018 and he remains in ICE custody. Pet. at 1-2. Petitioner alleges he expressed a credible fear of persecution should he be returned to the home country of Honduras, but Respondent refused to give him a "credible fear" interview, instead ordering his expedited removal. Id. at 2-3. Petitioner asserts, having expressed a credible fear of persecution, he is not subject to expedited removal but is instead entitled to statutory removal proceedings, including the filing of a Notice to Appear under Section 239 of the Immigration and Nationality Act, procedures which Respondent has refused to provide. Id. at 3. Petitioner alleges Respondent's conduct "violates due process guaranteed under the Fifth Amendment of the Constitution" and the expedited removal "violates the purpose, principles, and procedures of the expedited removal process." Id. at 4. Based upon the foregoing allegations, the Petition seeks an order directing: (1) a stay of any removal of Petitioner; (2) a credible fear interview be conducted; (3) a Notice to Appear be issued. Pet. at 5.
By Order dated September 28, 2018, the Court denied the unverified Petition's request for a stay of removal to the extent it sought a temporary restraining order against such a removal on the grounds that it was not supported by any competent evidence and did not meet the requirements of Rule 65(b)(1) of the Federal Rules of Civil Procedure. Dkt. 6 at 3-4.
On October 8, 2018, Petitioner filed the Motion, asserting Petitioner "is scheduled for removal by defendant and his employees the week of October 8, 2018." Id. at 2. The Motion asserts Respondent is proceeding with an expedited removal, even though Petitioner is "not lawful subjects [sic] of expedited removal." Id. Plaintiff requests alternatively that: (1) "Removal be ordered stayed forthwith," or (2) "if removal has already been effectuated by the time this motion is heard, that defendant *1086 be ordered to return him to this jurisdiction forthwith at the government's expense." Id. at 3.
The assigned magistrate judge issued an order on October 10, 2018 regarding: (1) vacating the improperly noticed hearing date for the Motion; (2) directing Respondent to respond to the Motion by October 11, 2018; (3) directing that if Respondent sought an extension of time to respond, such request must specify whether and when Petitioner is scheduled for removal; and (4) ordering the matter would be deemed under submission upon the filing of Respondent's response. Dkt. 9 at 4.
On October 11, 2018, pursuant to the parties' stipulation, the Court extended Respondent's time to respond to the Motion to Friday, October 19, 2018. Dkt. 11. In the stipulation, Respondent advised that Petitioner would not be removed before October 23, 2018. Dkt. 10.
On October 15, 2018, Petitioner filed a Supplemental Memorandum in support of the Motion (Dkt. 15 ("Supp. Mem.") ) and a Declaration by Petitioner (Dkt. 13). In the Supplemental Memorandum, Petitioner argued that the removal proceedings violate the United Nations Convention Against Torture and the Equal Protections Clause, arguing "Petitioner may not be removed without a review of his claims and adjudication of legitimate claims." Supp. Mem. at 3. Petitioner's Declaration described: his arrest in Texas in 2005 by immigration officials; his receipt of papers in English that he was unable to read; his lack of receipt of any notice to appear in immigration court; his advisement of his then-current address in Orange, California, an address from which he was later evicted; his arrest at his home by ICE in August 2018 two days after he accompanied his eleven year old daughter to California state court proceedings arising from an allegation that his daughter had been a victim of a sexual assault; his fear of returning to Honduras caused by threats to his family by criminals, resulting in Petitioner sending money to his family to pay extortion to the criminals; his reason for coming to the United States, that is, because gangs murdered a friend and threatened to murder Petitioner; and Petitioner's fear that if he returns to Honduras, he will be murdered or kidnapped and tortured for money. (Dkt. 13.)
In Opposition, Respondent asserts in August 2005 in Texas, Petitioner was arrested and immigration proceedings commenced, at which time Petitioner was served with a Notice to Appear ("NTA") informing him that removal proceedings had been initiated and directing him to appear before an immigration judge in San Antonio, Texas at a date and time to be set. Id. at 1-2. Respondent asserts Petitioner was also served with a release order which directed him to, among other things, report in writing or in person to a deportation officer in San Antonio at an address provided, on the first Tuesday of each month at 8:00 a.m., and if Petitioner reported in writing, that he include his current address. Id. at 2. Respondent asserts that on October 31, 2005, Petitioner's case was called for hearing in the immigration court in San Antonio and Petitioner failed to appear. Id. The immigration judge found no reasonable cause for the failure to appear and ordered Petitioner removed in absentia. Id. Petitioner was not given notice of the hearing "because he failed to provide the court with his address as required ...." Id.
Respondent thereafter recounts that Petitioner was again taken into ICE custody on August 8, 2018, at which time he stated he had no reasonable fear of persecution or torture should he return to Honduras. Opp. at 2-3. On August 16, 2018, Petitioner moved to reopen his case in immigration court, raising various arguments, including *1087 that he was not served with the NTA, that the NTA is defective on its face under Pereira v. Sessions, --- U.S. ----, 138 S.Ct. 2105, 201 L.Ed.2d 433 (2018), and that he now faces persecution in his home country of Honduras. Id. at 3. On September 30, 2018, two days after the filing of the Petition in this Court, an immigration court denied Petitioner's motion to reopen without a hearing, finding, among other things, that the Pereira decision was limited to the narrow issue of the application of the so-called "stop-time" rule ending the period of continuous presence, and did not invalidate all NTAs lacking specific date and times for removal hearings. Id. The immigration judge ("IJ") did not address Petitioner's claim that he was afraid that he would be the victim of violence upon removal to Honduras. (Opp. Exh. 7.) Rather, the IJ found that Petitioner's motion to reopen was time-barred. (Id.) Subsequent to the IJ's denial of Petitioner's MTR, counsel for Petitioner made attempts to bring notice of Petitioner's fear of persecution upon removal to his home country directly to the attention of ICE officials, which were not received or ignored. ("Declaration of Willard Bakeman," Dkt. No. 12-4.) Absent the issuance of an injunction, Petitioner may be removed today, October 23, 2018.
Respondent argues the Motion should be denied because: (1) district courts lack jurisdiction to review challenges to an order of removal, with such challenges properly brought only in the courts of appeal under 8 U.S.C. § 1252 ; and (2) substantively, Petitioner is not entitled to a credible fear interview for various reasons. Id. at 4-6.
III. DISCUSSION
A. The Standard for the Issuance of a Preliminary Injunction
Petitioner's request for an immediate stay order is, in the context of this action, analogous to a request for a preliminary injunction. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014) (as amended) (citing Winter, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ). A preliminary injunction may also issue if a plaintiff demonstrates under the "serious questions" test. According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (citation omitted) (affirming the continued viability of this doctrine post- Winter ).
B. Limits on a District Court's Jurisdiction over Habeas Petitions Seeking Review of an Order of Removal
Pursuant to the REAL ID Act of 2005, district courts lack habeas jurisdiction to review final orders of removal; instead, "the sole and exclusive means for judicial review of an order of removal" lies with the appropriate court of appeals. 8 U.S.C. § 1252(a)(5). Moreover, Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by *1088 or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Taken together, the REAL ID Act "makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal." Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005).
The Ninth Circuit has never "directly addressed whether or not district courts have jurisdiction over a motion to stay removal proceedings pending the [Board of Immigration Appeals' ("BIA") ] resolution of a motion to reopen" ( Corrales v. Sessions, 2018 WL 4491177, at *2-3 (N.D. Cal. Sept. 19, 2018) ). A number of district courts within the circuit have found that they lacked such jurisdiction. See, e.g., Flores v. Johnson, 2015 WL 12656240 (C.D. Cal. Sept. 30, 2015) (finding district court lacked jurisdiction to stay petitioner's removal pending the decision of the Board of Immigration Appeals ("BIA") decision on his motion to reopen); Ma v. Holder, 860 F.Supp.2d 1048, 1062 (N.D. Cal. 2012) (finding that the district court lacked jurisdiction under Section 1252(g) to stay a removal pending the BIA's decision on a motion to reopen); Lopez v. Dep't of Homeland Sec., 2010 WL 4279314, at *1 (C.D. Cal. Oct. 21, 2010) (finding that the district court did not have jurisdiction over a habeas claim challenging the immigration judge's denial of a motion to stay); Mejia-Espinoza v. Mukasey, 2009 WL 235625, at *3 (C.D. Cal. Jan. 27, 2009) (finding that the district court lacked jurisdiction over a request to stay removal during the pendency of a motion to reopen before the BIA).
In contrast, one district court found recently that a request for an order by the district court staying removal is not foreclosed when a petitioner has not been afforded an opportunity to be heard on a motion to reopen his removal proceedings based upon changed country circumstances. Sied v. Nielsen, 2018 WL 1142202, at *14-27 (N.D. Cal. Mar. 2, 2018). Specifically, the petitioner in Sied argued that the "government's threat to deport him ... before the [immigration judge] considers his motion to reopen violates his right to constitutional due process" and his habeas petition sought "only a meaningful opportunity for his motion to reopen to be heard" by the immigration judge. Id. at *2. The district court concluded that it would raise "serious constitutional concerns if the government, by deporting [petitioner], left him with no meaningful opportunity to be heard, either through administrative remedies before an [immigration judge] and [BIA] or through judicial review." Id.
C Analysis
1. Serious Question Going to the Merits
Petitioner seeks a stay of his removal pending the grant of a credible fear interview and the issuance of a notice to appear. Motion, ¶¶ 10-11; 20. Respondent argues that Petitioner cannot establish a likelihood of success on the underlying claims of his case because his claim is jurisdictionally barred and because he is not entitled to a credible fear interview. The Court finds that it has jurisdiction to consider this habeas petition and that there is a sufficiently serious question of success on the merits to warrant the issuance of a stay of removal to allow petitioner the opportunity to appeal the decision of the immigration judge.
As discussed above, the REAL ID Act "makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal." Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005). However, *1089 the Ninth Circuit has consistently held that district courts have jurisdiction when, as in this case, petitioners do not directly challenge their orders of removal, but rather assert due process challenges to their removal proceedings. See Walters v. Reno, 145 F.3d 1032 (9th Cir. 1998) (claim challenging unconstitutional policies and practices used by the agency were collateral challenges and thus not barred by 8 U.S.C. 1252(g) ); Singh v. Gonzales, 499 F.3d 969 (9th Cir. 2007) (ineffective assistance of counsel claims raised in habeas petition were not jurisdictionally barred by 8 U.S.C. 1252(a)(5) or (b)(9), which apply only orders of removal or actions taken to review an order of removal). The Court finds that it has jurisdiction to hear Petitioner's claims regarding due process violations and to issue adequate injunctive relief. See Chhoeun v. Marin, 306 F.Supp.3d 1147, 1159 (C.D. Cal. 2018) (finding jurisdiction over habeas petition asserting due process challenge on grounds that, inter alia, petitioners were not permitted adequate opportunity to seek reopening of immigration proceeding to challenge years-old orders of removal.) At least one other district court has found that the possibility of removal prior to adequate hearing on motions to reopen implicates due process concerns and is properly subject and may properly be reviewed by a district court. Sied, 2018 WL 1142202 at *14.
The Court finds that Petitioner challenges not only his final order of removal, but also due process violations arising from the failure of the IJ to address his request for a credible or reasonable fear interview. While Petitioner's briefing presents his claims with less than crystalline clarity, it appears that he is challenging, on due process grounds, the denial of a meaningful opportunity to be heard on his motion to reopen, which is itself based in part on the assertion that he is entitled to asylum or withholding of removal on the grounds of changed country conditions in his home country of Honduras. Petitioner's Motion to Reopen, while also cursory, appears to have adequately raised before the Immigration Judge that fact that Petitioner was "now" afraid to return to his home country on the grounds that he faces extortion upon arrival. In a declaration subsequently submitted to this Court, Petitioner asserts that, starting in approximately March of 2018, gang members in Honduras began to threaten his family, and that he now fears that he will be killed or tortured upon return. The IJ, however, failed to address Petitioner's assertion of changed country conditions at all and denied the motion on other grounds. Petitioner now faces removal more than a week prior to the October 30 deadline for appeal of this decision, which may deny him the opportunity for a meaningful hearing as to his eligibility for reopening on the basis of changed country conditions. Now, because of his imminent deportation, Petitioner may be removed "without a review ... and adjudication of legitimate claims." (Supp. Mem. at 3.)
The Court is particularly concerned that Petitioner will be deported prior to having an opportunity for a full and fair hearing on this question given the IJ seems to have erred in failing to address whether country conditions have changed in Honduras since Petitioner's 2005 removal order. While the IJ found that Petitioner's MTR was time-barred, the Board of Immigration Appeals has found that there are no limitations as to the number of motions to reopen that may be filed for petitioners seeking reopening to apply for asylum and withholding based on changed country conditions, and that such petitions are not subject to time limits. See Matter of J-G-, 26 I&N 161 (BIA 2013) (MTRs based on changed country conditions are not subject *1090 to time or number limits); 8 U.S.C. § 1229a(c)(7)(C)(ii). The Court finds that there is a serious question as to whether Petitioner's removal without even summary adjudication of motion to reopen that could lead to potentially meritorious claims for asylum or withholding under the Convention Against Torture would violate due process.
2. Irreparable Harm, Balance of Equities, and Public Interest
Respondent does not contest that the other Winter elements weigh in Petitioner's favor. The Court finds that they weigh in favor of granting a stay. Removal without an adequate hearing may deprive Petitioner of constitutional rights and possibly result in his wrongful removal to Honduras and exposure to death or torture. Deprivation of constitutional rights "unquestionably constitutes irreparable injury." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) (citation omitted). Torture and death are also clearly irreparable harms. In contrast, the government has not identified any hardship or burden that would result from a temporary stay of removal sufficient to allow Petitioner to seek review of the IJ's possibly erroneous decision. The Court finds that Petitioner is likely to suffer irreparable harm in the absence of a stay and that the balance of equities weighs strongly in his favor. Finally, a stay of removal is in the public interest, as there "is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm," the risk of which is sufficiently grave in this case as to outweigh the more general public interest in the prompt execution of Petitioner's removal order. See Nken v. Holder, 556 U.S. 418, 436, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)
IV. CONCLUSION AND ORDER
For the foregoing reasons, the Motion is GRANTED. The Court orders that the government may not remove Petioner Marcos Villanueva-Bustillo from the United States. This injunction and order will terminate upon:
1. Villanueva-Bustillo's failure to either (1) timely appeal to the BIA the IJ's adverse ruling on his motion to reopen and file a simultaneous motion to stay removal with the BIA or (2) file an additional motion to reopen before Villanueva-Bustillo's immigration proceedings on the basis of changed county conditions;
2. A decision on a motion to stay removal by the appropriate United States Court of Appeals; or
3. A final, non-appealable decision vacating Villanueva-Bustillo's removal order.
IT IS SO ORDERED